Lucas E. Gilmore, Bar No. 250893
Reed Kathrein, Bar No. 139304
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 300
Berkeley, CA  94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
Email:  lucasg@hbsslaw.com
        reed@hbsslaw.com

*Attorneys for Movant George Lang*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EYAD KARZOUN, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LUNA INNOVATIONS INCORPORATED, SCOTT A. GRAEFF, EUGENE J. NESTRO, and GEORGE GOMEZ-QUINTERO,<br><br>Defendants. | Case No. 2:24-cv-02630-CBM-KS<br><br>CLASS ACTION<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO CONSOLIDATE THE RELATED ACTIONS, APPOINT GEORGE LANG AS LEAD PLAINTIFF, AND APPROVE HIS SELECTION OF LEAD COUNSEL**<br><br>Date:      Tuesday, July 2, 2024<br>Time:      10:00 a.m.<br>Courtroom:  8D<br>Judge:     Hon. Consuelo B. Marshall |
| LEE MICHAEL THOMPSON, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LUNA INNOVATIONS INCORPORATED, SCOTT A. GRAEFF, EUGENE J. NESTRO, and GEORGE GOMEZ-QUINTERO,<br><br>Defendants. | Case No. 2:24-cv-04068-CBM-KS |

George Lang ("Movant" or "Mr. Lang") hereby moves the Court for an order consolidating the Related Actions, appointing Movant as Lead Plaintiff, and for approval of his selection of lead counsel. Movant makes this motion pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(3). Movant is believed to be the movant with the largest financial interest in the outcome of this litigation. Movant satisfies the requirements of Fed. R. Civ. P. 23 ("Rule 23") in that his claims are typical of the claims of the class and he will fairly and adequately represent the interests of the class. Movant has selected experienced and effective counsel as proposed lead counsel, Hagens Berman Sobol Shapiro LLP ("Hagens Berman").

## I.    PRELIMINARY STATEMENT

The two above-captioned cases are putative securities class actions governed by the PSLRA brought on behalf investors that purchased or otherwise acquired Luna Innovations Incorporated ("Luna" or the "Company") securities.[1]

*First*, given that the two actions assert substantially identical claims against identical Defendants on behalf of overlapping classes of investors that purchased Luna securities during similar class periods, the cases should be consolidated. *See* Fed. R. Civ. P. 42(a).

*Second,* Mr. Lang is the movant most capable of adequately representing the interests of class members. As described in his certification and loss chart attached

---

[1] The first-filed *Karzoun* case, instituted on April 1, 2024, alleges a class period of August 11, 2023 and March 25, 2024, both dates inclusive. The later-filed *Thompson* case, filed on May 15, 2024, alleges an expanded class period of May 16, 2022 and April 19, 2024, both dates inclusive, based on Luna's subsequent disclosures. "For purposes of appointing a lead plaintiff, the longest class period (i.e. the *Thompson* class period) governs." *Miami Police Relief & Pension Fund v. Fusion-io, Inc.*, 2014 WL 2604991, at *1 (N.D. Cal. June 10, 2014).

MEMO ISO MOT. TO CONSOL. REL. CASES. APPOINT LEAD PL. AND APPROVE LEAD COUNSEL
Case No. 2:24-cv-02630-CBM-KS

to the Declaration of Lucas E. Gilmore at Exs. A and B ("Gilmore Decl."),[2] Movant has suffered substantial losses as a result of his purchases of Luna securities during the Class Period. Movant believes that he has sustained the largest loss of any qualified investor seeking to be appointed as Lead Plaintiff.

Moreover, Movant satisfies both the applicable requirements of the PSLRA and Rule 23. Movant is also qualified to represent the class.[3] Movant respectfully submits that he should be appointed as Lead Plaintiff in this action, and that this Honorable Court should approve his selection of the law firm Hagens Berman Sobol Shapiro LLP as lead counsel in this action.

## II.   ARGUMENT

### A.   The Related Actions Should Be Consolidated

The Private Securities Litigation Reform Act of 1995 ("PSLRA") provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," the court shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii).

Rule 42(a) affords the Court broad discretion to consolidate cases in this district. *Inv'r Res. Co. v. U.S. Dist. Ct. for Cent. Dist. of Cal.,* 877 F.2d 777, 777 (9th Cir. 1989) (noting that district court has broad discretion to consolidate cases pending in the same district). Consolidation is appropriate, where the actions involve common questions of law and fact, and consolidation would avoid unnecessary cost, delay and overlap in adjudication:

> Where actions involving a common question of law or fact are pending before the court, it may order a joint hearing or

---

[2] "Gilmore Decl." refers to the Declaration of Lucas E. Gilmore in Support of Motion to Consolidate the Related Actions, Appoint Movant as Lead Plaintiff and to Approve His Selection of Lead Counsel.

[3] Gilmore Decl., Ex. C (Movant's Declaration) at ¶ 2.

-2-
MEMO ISO MOT. TO CONSOL. REL. CASES. APPOINT LEAD PL. AND APPROVE LEAD COUNSEL
Case No. 2:24-cv-02630-CBM-KS

> trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such order concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a). Courts recognize that class action shareholder suits are "particularly well suited to consolidation" because their unification expedites proceedings, reduces duplication, and minimizes the expenditure of time and money by all concerned. *Fusion-io*, 2014 WL 2604991, at *4.

Here, the Related Actions present common factual and legal issues. Each action alleges violations of Sections 10(b) and 20(a) of the Exchange Act, names the same Defendants, and stems from the same underlying operative facts and circumstances. Consolidation would plainly expedite these proceedings, reduce duplicative efforts, and save all parties time, energy, and expense. Accordingly, the Actions are appropriate for consolidation and should be consolidated pursuant to Rule 42(a). *Blake v. Canoo Inc.*, 2022 WL 599504, at *2 (C.D. Cal. Feb. 18, 2022).

**B.      Movant Should Be Appointed As Lead Plaintiff**

**1.      The governing law of the PSLRA.**

The PSLRA governs appointment of a Lead Plaintiff in securities class actions arising under the Exchange Act. *See* 15 U.S.C. § 78u-4(a)(1)-(3)(B)(iii)(I). The PSLRA requirements are both procedural and substantive. *Id*. The Court:

> (s)hall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members in accordance with this subparagraph.

15 U.S.C. § 77z-1(a)(3)(B)(i) and 15 U.S.C. § 78u-4(a)(3)(B)(i) (emphasis added).

There is a rebuttable presumption that the lead plaintiff presumed to be most capable of adequately representing the Class is the investor that:

> (aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);

-3-
MEMO ISO MOT. TO CONSOL. REL. CASES. APPOINT LEAD PL. AND APPROVE LEAD COUNSEL

Case No. 2:24-cv-02630-CBM-KS

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I) and 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) (emphasis added).

### 2.    Movant complied with the PSLRA and timely filed this motion.

The first procedural requirement is that the plaintiff who files the initial action must publish notice to the class within twenty days of filing the initial action. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i). Here, the first-filed *Karzoun* case was filed on April 1, 2024, and notice was published nationally via *Business Wire* (a national business-oriented wire service) the same day. *See* Gilmore Decl., Ex. D (Published Notice).

The second procedural requirement is met within sixty days after publication of notice, when "any person" who is a member of the class can move to be appointed as Lead Plaintiff regardless of whether they filed a complaint. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa). Here, Movant meets this procedural requirement by timely moving this Court for appointment as Lead Plaintiff within sixty days of publication of the notice. Accordingly, Movant meets the requirement of 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

### 3.    Movant has the largest financial interest.

The PSLRA provides a rebuttable presumption that the "most adequate plaintiff" is the plaintiff with the largest financial interest in the relief sought by the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). As a result of his purchases of Luna securities during the Class Period, Movant suffered substantial losses. Gilmore Decl., Exs. A and B. To the best of the Movant's knowledge, this represents the largest known financial interest in the relief sought by the Class. Movant, therefore, is presumptively the most adequate to serve as Lead Plaintiff.

**C.    Movant Otherwise Satisfies the Requirements of Fed. R. Civ. P. 23**

Section 21D(a)(3)(B)(iii)(I)(cc) of the Securities Exchange Act of 1934, as amended by the PSLRA, provides that the lead plaintiff must satisfy the typicality and adequacy requirements of Fed. R. Civ. P. 23(a).[4] At this stage of the litigation, however, courts focus only on the typicality and adequacy requirements of Rule 23.[5] Further, the inquiry into typicality and adequacy at the lead plaintiff stage are not as rigorous as during a class certification proceeding and Movants must make only a preliminary showing that it meets the Rule 23 typicality and adequacy requirements to be entitled to lead plaintiff status under the PSLRA.[6] As detailed below, Movant more than satisfies these requirements, and should therefore be appointed Lead Plaintiff in this action.

**1.    Movant's Claims Are Typical of the Claims of All the Class Members**

Under Rule 23(a)(3), typicality exists where "the claims … of the representative parties" are "typical of the claims … of the class." "'The [typicality] requirement is permissive, such that representative claims are typical if they are reasonably coextensive with those of absent class members; they need not be substantially identical.'"[7]

Here, Movant satisfies the typicality requirement. Like all other Class members, Movant: (1) purchased Luna securities during the Class Period; (2) was

---

[4] *See Herrgott v. United States Dist. Court for the N. Dist. of Cal.* (*In re Cavanaugh*), 306 F.3d 726, 729-30 (9th Cir. 2002).

[5] *See Vignola v. FAT Brands, Inc. et al.*, 2018 WL 6356109, at *3 (C.D. Cal. Nov. 16, 2018) ("[t]he typicality and adequacy requirements … are the main focus," and "[e]xamination of the remaining requirements is deferred until the lead plaintiff moves for class certification.") (*citing In re Cavanaugh*, 306 F.3d at 730).

[6] *See Real v. Yuga Labs, Inc.,* 2023 WL 8000329, at *2 (C.D. Cal. Nov. 7, 2023).

[7] *See id.* at *2 (quoting *Just Film, Inc. v. Buono*, 847 F.3d 1108, 1116 (9th Cir. 2017)).

MEMO ISO MOT. TO CONSOL. REL. CASES. APPOINT LEAD PL. AND APPROVE LEAD COUNSEL
Case No. 2:24-cv-02630-CBM-KS

adversely affected by Defendants' false and misleading statements and otherwise fraudulent conduct; and (3) suffered damages as a result thereof. Thus, he meets the typicality requirement of Rule 23 because his claims are "co-extensive" with those of the absent class members.[8]

### 2. Movant will adequately represent the interests of the class.

With respect to adequacy, the Ninth Circuit uses a two-prong test to determine whether the representative parties meet this standard: "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?"[9] "Adequate representation depends on, among other factors, an absence of antagonism between representatives and absentees, and a sharing of interest between representatives and absentees." *Id*. The adequacy of counsel is also considered under Rule 23(g).

Movant's interests are clearly aligned with the members of the class because his claims arise from the same conduct as the claims of the Class. There is no evidence of antagonism between Movant's interests and those of proposed class members. Furthermore, Movant has a significant, compelling interest in prosecuting this action to a successful conclusion based upon the very large financial loss he incurred as a result of the wrongful conduct alleged herein. This motivation, combined with Movant's shared interests with the members of the class, clearly shows that Movant will adequately and vigorously pursue the interests of the class. In addition, Movant has selected counsel that is highly experienced in prosecuting securities class actions such as this one to represent Movant and the class.[10]

---

[8] *Id*.

[9] *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 985 (9th Cir. 2011) (internal quotation marks omitted); see Fed. R. Civ. P. 23(a)(4)

[10] *See* Gilmore Decl., Ex. E (Firm Résumé).

-6-

In sum, because of Movant's common interests with the class members, his clear motivation and ability to vigorously pursue this action, and his competent counsel, the adequacy requirement of Rule 23(a) is met in this case. Therefore, since Movant not only meets both the typicality and adequacy requirements of Rule 23(a), and has sustained the largest amount of losses at the hands of the Defendants, Movant is, in accordance with 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), presumptively the most adequate plaintiff to lead this action.

## D.   The Court Should Approve Movant's Choice of Lead Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel to represent the class, subject to the Court's approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). Thus, this Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). Movant selected Hagens Berman to serve as Lead Counsel for the class. Hagens Berman has successfully prosecuted complex class action cases of various types and complex securities fraud actions. Hagens Berman is one of the nation's leading class action law firms, and has earned an international reputation for excellence and innovation in groundbreaking litigation against large corporations. Hagens Berman has recovered hundreds of millions of dollars in losses for individuals and institutions through securities litigation, in cases that frequently result in industry-leading percentage returns for damaged investors.[11] This Court may be assured that in the event that this motion is granted, the members of the class will receive the highest caliber of legal representation.

## III.   CONCLUSION

For all of the foregoing reasons, Movant respectfully requests that this Court: (1) consolidate the Related Actions; (2) appoint him to serve as Lead Plaintiff in this

---

[11] Gilmore Decl., Ex. E (Firm Résumé).

MEMO ISO MOT. TO CONSOL. REL. CASES. APPOINT LEAD PL. AND APPROVE LEAD COUNSEL

Case No. 2:24-cv-02630-CBM-KS

action; (3) approve the selection of Lead Counsel for the class; and (4) grant such other and further relief as the Court may deem just and proper.

Dated: May 31, 2024                    Respectfully submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP

By /s/ *Lucas E. Gilmore*

Lucas E. Gilmore, Bar No. 250893
Reed Kathrein, Bar No. 139304
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 300
Berkeley, CA  94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
Email:    lucasg@hbsslaw.com
          reed@hbsslaw.com

*Counsel for Movant George Lang*

MEMO ISO MOT. TO CONSOL. REL. CASES. APPOINT LEAD PL. AND APPROVE LEAD COUNSEL

Case No. 2:24-cv-02630-CBM-KS