Jacob A. Walker (SBN 271217)
**BLOCK & LEVITON LLP**
400 Concar Drive
San Mateo, CA 94402
(650) 781-0025 phone
jake@blockleviton.com

*Counsel to Movant Nicolas Ray
and Proposed Lead Counsel*

*[Additional counsel on signature page.]*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## LOS ANGELES DIVISION

| | |
|---|---|
| EYAD KARZOUN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LUNA INNOVATIONS INCORPORATED, SCOTT A GRAEFF, EUGENE J. NESTRO, and GEORGE GOMEZ-QUINTERO,<br><br>Defendants. | Case No. 2:24-cv-02630<br><br>**NOTICE OF MOTION AND MOTION OF NICOLAS RAY FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL**<br><br>Date:   July 2, 2024<br>Time:   10:00 am<br>Courtroom: 8D<br>Judge:  Hon. Consuelo D. Marshall |
| LEE MICHAEL THOMPSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LUNA INNOVATIONS INCORPORATED, SCOTT A GRAEFF, EUGENE J. NESTRO, and GEORGE GOMEZ-QUINTERO,<br><br>Defendants. | Case No. 2:24-cv-04068 |

MOTION FOR CONSOLIDATION, APPT. AS LEAD
PLAINTIFF, AND APPROVAL OF LEAD COUNSEL
NO. 2:24-cv-02630

**NOTICE OF MOTION AND MOTION**

TO:   ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD

PLEASE TAKE NOTICE that on Tuesday, July 2, 2024 at 10:00am or as soon thereafter as the matter may be heard in the courtroom of the Honorable Consuelo B. Marshall, in Courtroom 8D on the 8th Floor of the United States District Court for the Central District of California, First Street Courthouse, 350 W. 1st Street, Los Angeles, CA 90012, putative class member Nicolas Ray will and hereby does move this Court pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), for an Order (1) consolidating the two above-captioned related actions; (2) appointing Mr. Ray as Lead Plaintiff; and (3) approving his selection of Block & Leviton LLP and Holzer & Holzer, LLC as Co-Lead Counsel for the putative Class.[1]

This Motion is made on the grounds that Mr. Ray is the most adequate proposed lead plaintiff. Mr. Ray seeks appointment as Lead Plaintiff and approval of his choice of Block & Leviton LLP and Holzer & Holzer, LLC as Co-Lead Counsel pursuant to the Securities Exchange Act of 1934, the Federal Rules of Civil Procedure, and the PSLRA. This Motion is based on this Notice and memorandum

---

[1] This Motion has been filed pursuant to Section 27(a)(3)(B) of the Securities Act, and Section 21D(a)(3)(B) of the Exchange Act, as amended by the PSLRA. Section 27(a)(3)(B) and Section 21D(a)(3)(B) provide that within 60 days after publication of the required notice, any member of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not that proposed class member has previously filed a complaint in the underlying action. Consequently, counsel for Mr. Ray cannot determine who the competing lead plaintiff candidates are at this time.

MOTION FOR CONSOLIDATION, APPT. AS LEAD
PLAINTIFF, AND APPROVAL OF LEAD COUNSEL
NO. 2:24-cv-02630

1

of law, the Declaration of Jacob A. Walker and the exhibits thereto, the Court's complete files and records in this action, and such further argument as the Court may allow at any hearing on this Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On April 01, 2024, the above-captioned securities class action was brought on behalf of all persons who purchased or otherwise acquired Luna Innovations Incorporated ("Luna Innovations" or the "Company") securities between May 16, 2022, and April 19, 2024, inclusive (the "Class Period").[2] The lawsuit alleges claims under §§ 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78(j)(b) and 78(t), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5. As detailed below, the Related Actions involve common issues of law and fact and should be consolidated pursuant to Rule 42(a) of the Federal Rules of Civil Procedure ("Rule 42(a)").

After consolidation, the PSLRA requires the Court to "consider any motion made by a purported class member," and "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be the most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(iii). Under the PSLRA, the Court should "adopt a presumption that the

---

[2] On May 17, 2024, *Thompson v. Luna Innovations Inc.* was transferred to this Court's calendar. 2:24-cv-04068-CBM-KS (ECF No. 11).

MOTION FOR CONSOLIDATION, APPT. AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL
NO. 2:24-cv-02630

2

most adequate plaintiff in any private action arising under this chapter is the person or group of persons that . . . in the determination of the court, has the largest financial interest in the relief sought by the class; and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

The Court should appoint Nicolas Ray as Lead Plaintiff because he has timely moved for such appointment, has a substantial financial interest in the outcome of this litigation, and is a typical and adequate class representative. The Court should also approve of Mr. Ray's selection of Block & Leviton LLP and Holzer & Holzer, LLC as Co-Lead Counsel because the firms possess extensive experience prosecuting securities class actions and will adequately represent the interests of all class members.

## II. STATEMENT OF ISSUES TO BE DECIDED

1. Whether the Court should consolidate the two related actions under 15 U.S.C. § 78u-4(a)(3)(B)(ii);

2. Whether the Court should appoint Mr. Ray as Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3); and

3. Whether the Court should approve Mr. Ray's selection of Block & Leviton LLP and Holzer & Holzer, LLC as Co-Lead Counsel for the putative class pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

## STATEMENT OF FACTS[3]

Luna Innovations is a technology company that is focused on fiber optics. It is incorporated in Delaware, and its principal offices are in Roanoke, VA. On March 12, 2024, after the market closed, Luna Innovations filed a current report with the SEC on their Form 8-K announcing it would need to restate its financial statements for the second and third quarters of 2023. Luna Innovations noted in the report that "[i]n connection with the independent review, the Company has identified material weaknesses in its internal control over financial reporting that existed as of June 30, 2023, and September 30, 2023, and has re-evaluated the effectiveness of the Company's disclosure controls and procedures as of those dates." On the same day, the Company filed a late filing notice with the SEC on their Form NT 10-K. Following this announcement, the price of Luna Innovations stock fell $2.24 per share, or 35.78%, to close at $4.02 on March 13, 2024.

On March 25, 2024, after the market closed, the Company filed a current report with the SEC on their Form 8-K, which stated that Defendant Graeff had retired, effective immediately. On this news, the price of Luna Innovations stock fell by $0.41 per share, or 11.54%, to close at $3.14 on March 26, 2024.

## II.    ARGUMENT

### A.    The Related Actions Should Be Consolidated

Under the PSLRA, "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter is filed, and any party has sought to consolidate those actions for pretrial purposes or for trial, the

---

[3] The facts are taken from the Complaint that was filed in *Karzoun v. Luna Innovations Inc.,* No. 2:24-cv-02630 (C.D. Cal.) (ECF No. 1).

MOTION FOR CONSOLIDATION, APPT. AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL
No. 2:24-cv-02630

4

court shall not make the determination [regarding the appointment of lead plaintiff] until after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii); Here, there are two related securities class actions asserting claims under the federal securities laws on behalf of investors. Rule 42(a) permits consolidation where "actions before the court involve common questions of law or fact." Fed. R. Civ. P. 42(a). "Consolidation is within the broad discretion of the district court." *In re Adams Apple, Inc.*, 829 F.2d 1484, 1487 (9th Cir. 1987); *Waterford Twp. Police v. Mattel, Inc.*, No. 17-cv-04732 VAP (KSx), 2017 WL 10667732, at *2 (C.D. Cal. Sept. 29, 2017).

Here, as described above, the Related Actions present nearly identical factual and legal issues arising out of the same alleged course of misconduct and involve the purchase of Luna Innovations securities at artificially inflated prices. As such, they qualify for consolidation under Fed. R. Civ. P. 42(a). *See, e.g., Richardson v. TVIA, Inc.*, No. C 06 06304 RMW, 2007 WL 1129344, at *2 (N.D. Cal. Apr. 16, 2007). Accordingly, the cases should be consolidated into the first-filed *Karzoun* action, No. 2:24-cv-02630. Upon selection as Lead Plaintiff, Mr. Ray proposes to file a single consolidated class action complaint under the caption *In re Luna Innovations Inc., Securities Litigation*.

**B.    Mr. Ray Is The "Most Adequate Plaintiff" And Should Be Appointed Lead Plaintiff**

The PSLRA established a procedure governing the appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as

a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1) & (a)(3)(B)(i).

*First*, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). Within 60 days after publication of the notice (i.e., today, May 31, 2024), any person who is a member of the proposed class may apply to the Court to be appointed as lead plaintiff, regardless of whether they have previously filed a complaint in the action. 15 U.S.C. § 78u-4(a)(3)(A) & (B).

*Second*, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the members of the class the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. § 78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that "the court shall adopt a presumption that the most adequate plaintiff in any private action arising under this [Act] is the person or group of persons that – (aa) has either filed the complaint or made a motion in response to a notice . . . (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir 2002).

Mr. Ray satisfies each of these requirements, and the Court should therefore appoint him Lead Plaintiff.

### 1. The Motion Is Timely.

The statutorily required notice of this action was published on April 1, 2024, advising class members of: (1) the pendency of the action; (2) the claims asserted therein; and (3) the right to move the Court to be appointed as lead plaintiff by May 31, 2024. *See* Declaration of Jacob A. Walker ("Walker Decl."), Ex. A.

Pursuant to the provisions of the PSLRA and within the required time frame after publication of the notice, Mr. Ray timely moves this Court to be appointed as Lead Plaintiff on behalf of all members of the class. Mr. Ray has signed a certification pursuant to the PSLRA. *See* Walker Decl., Ex. B. Mr. Ray has selected and retained qualified counsel to represent him and the proposed class. *See* Walker Decl., Ex. D. Accordingly, Mr. Ray is entitled to have his application for appointment as Lead Plaintiff and selection of Co-Lead Counsel considered and approved by the Court.

### 2. Mr. Ray Has a Substantial Financial Interest in the Relief Sought by the Class.

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii), the Court shall appoint as lead plaintiff the class member or members who represent the largest financial interest in the relief sought by the action. *See Cavanaugh*, 306 F.3d at 730 (district courts must first compare the financial stakes of the various movants to determine which has the most to gain from the lawsuit).

During the Class Period, as evidenced by Mr. Ray's accompanying signed certification and loss chart, Mr. Ray incurred substantial losses of approximately $3,083.91 on his transactions in Luna Innovations securities during the class period. *See* Walker Decl. Exs. B, C. At the time of this filing, Mr. Ray believes that he possesses the largest financial interest of any movant seeking lead plaintiff status. Accordingly, Mr. Ray is entitled to the presumption that he is the most adequate lead plaintiff.

### 3.    Mr. Ray Otherwise Satisfies Rule 23.

In addition to possessing a significant financial interest, a presumptive lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23 requires that the "claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3)-(4); *Cavanaugh*, 306 F.3d at 730 (focusing "in particular" on typicality and adequacy at the lead plaintiff stage). At the lead plaintiff stage of the litigation, "only a preliminary showing is necessary" for the typicality and adequate of representation requirements. *Hodges v. Akeena Solar, Inc.*, 263 F.R.D. 528, 532 (N.D. Cal. 2009) (citing *Cavanaugh*, 306 F.3d at 729-31).

The test of typicality is "whether other members have the same or similar injury, whether the action is based on conduct, which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of

conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citations omitted). The adequacy requirement "inquires whether 'the representative parties will fairly and adequately protect the interests of the class.'" *Cavanaugh*, 306 F.3d at 730 (quoting Fed. R. Civ. P. 23(a)(4)).

Mr. Ray has submitted a sworn certification confirming his desire, willingness, and ability to serve as lead plaintiff. *See* Walker Decl., Ex. B. Like all class members, Mr. Ray acquired Luna Innovations  stock during the Class Period at allegedly inflated prices and suffered damages when Defendants' alleged misconduct came to light. *Id.*, Exs. B, C. Mr. Ray's substantial financial interest indicates that he has the requisite incentive to vigorously represent the putative class' claims. Moreover, Mr. Ray is not subject to unique defenses or aware of any conflicts between his claims and those asserted by the class. Finally, as discussed below, he has selected qualified counsel, highly experienced in securities litigation.

Mr. Ray's common interests shared with the class, substantial financial interest in this Action, and selection of qualified counsel demonstrate that he *prima facie* satisfies the Rule 23 inquiries at this stage of the litigation.

### C. The Court Should Approve of Mr. Ray's Selection of Block & Leviton LLP and Holzer & Holzer, LLC as Co-Lead Counsel

Under the PSLRA, the proposed lead plaintiff shall subject to Court approval, select and retain counsel to represent the class she seeks to represent. 15 U.S.C. § 78u-4(a)(3)(B)(v). The lead plaintiff's choice of counsel should be approved, and the Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to protect the interests of the class. *In re Cohen*, 586 F.3d 703, 711 (9th

Cir. 2009); *Cavanaugh*, 306 F.3d at 732-35. Mr. Ray has selected Block & Leviton LLP and Holzer & Holzer, LLC, firms with substantial experience in the prosecution of shareholder and securities class actions to serve as co-lead counsel. Walker Decl., Exs. D-E. As noted by one district court:

> While I recognize that each counsel is well qualified, I am particularly persuaded by [Block & Leviton's] experience in large securities class actions, such as its representation of plaintiffs in *In re BP Securities Litigation, (S.D. Tex.), In re Google Inc. Class C Shareholder Litig. (Del. Ch. Ct.), and In re Volkswagen "Clean Diesel" Marketing, Sales and Products Liability Litigation (N.D. Cal.)*. I find the experience garnered from such representations will benefit the shareholder in this suit.

*Thieffry v. Synchronoss Tech., Inc.*, No. 3:17-cv-07173-FLW-LHG (D.N.J. 2018) (ECF No. 21).

Holzer & Holzer, LLC, is also highly experienced in the areas of securities litigation and class actions. *See*, Walker Decl., Ex. E. Holzer & Holzer, LLC's recent successes include recovering $22.25 million for the class of investors in *Davis v. Yelp, Inc., et al.*, No. 18-cv-400-EMC (N.D. Cal.) and $20 million for the class of investors in *Peralta v. Grana y Montero S.A.A., et al.*, No. 17-cv-1105-LDH (E.D.N.Y.). The firm is currently serving as Co-Lead Counsel on behalf of a class of investors in several cases, including *Blake v. Canoo, Inc., et al.*, No. 21-cv-2873-FMO (C.D. Cal.), *Salzman v. ImmunityBio, Inc. et al.*, No. 23-cv-01216-GPC-DEB (S.D. Cal), and *Li v. Spirit Aerosystems Holdings, Inc., et al.*, No. 23-cv-03722-PAE (S.D.N.Y.). *Id*.

Accordingly, the Court should approve of Mr. Ray's selection of Block &

MOTION FOR CONSOLIDATION, APPT. AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL No. 2:24-cv-02630

Leviton LLP and Holzer & Holzer, LLC as Co-Lead Counsel.

## CONCLUSION

Mr. Ray satisfies each of the PSLRA's requirements for appointment as Lead Plaintiff. As such, he respectfully requests that the Court issue an Order: (1) consolidating the above captioned Related Actions; (2) appointing Mr. Ray as Lead Plaintiff; and (3) approving his selection of Co-Lead Counsel.

Dated: May 31, 2024                    Respectfully submitted,

**BLOCK & LEVITON LLP**

*/s/ Jacob A. Walker*
Jacob A. Walker (SBN 271217)
400 Concar Drive
San Mateo, CA 94402
(650) 781-0025 phone
jake@blockleviton.com

**HOLZER & HOLZER, LLC**
Corey D. Holzer (*pro hac vice forthcoming*)
211 Perimeter Center Parkway
Suite 1010
Atlanta, GA 30346
(770) 398-0090 phone
cholzer@holzerlaw.com

*Counsel to Movant Nicolas Ray and Proposed Co-Lead Counsel*