Laurence M. Rosen, Esq. (SBN 219683)
Email: lrosen@rosenlegal.com
**THE ROSEN LAW FIRM, P.A.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684

*Counsel for Movant and [Proposed]*
*Lead Counsel for the Class*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EYAD KARZOUN, Individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> LUNA INNOVATIONS INCORPORATED, SCOTT A. GRAEFF, EUGENE J. NESTRO, and GEORGE GOMEZ-QUINTERO, <br><br> Defendants. | Case No. 2:24-cv-02630-CBM-KS <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF LUIS HERNANDEZ TO CONSOLIDATE CASES, APPOINT LEAD PLAINTIFF, AND APPROVE OF CHOICE OF COUNSEL** <br><br> CLASS ACTION <br><br> JUDGE: Consuelo B. Marshall <br> HEARING: July 2, 2024 <br> TIME: 10:00 a.m. <br> CTRM: 8D |

| LEE MICHAEL THOMPSON, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LUNA INNOVATIONS INCORPORATED, SCOTT A. GRAEFF, EUGENE J. NESTRO, and GEORGE GOMEZ-QUINTERO,<br><br>Defendants. | Case No. 2:24-cv-04068-CBM-KS<br><br>CLASS ACTION<br><br>JUDGE: Consuelo B. Marshall |
|---|---|

**Table of Contents**

I.   PERTINENT BACKGROUND ...................................................................1

II.   THE RELATED ACTIONS SHOULD BE CONSOLIDATED ...................4

III.   MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF.......................5

A.   Movant is Willing to Serve as Class Representative ..................................6

B.   Movant has the Largest Financial Interest in the Action...........................6

C.   Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure ...............................................................................................7

D.   Movant Will Fairly and Adequately Represent the Interests of the Class and is Not Subject to Unique Defenses ..............................................................9

III.   MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED...10

IV.   CONCLUSION ......................................................................................11

## Table of Authorities

**Cases**

*In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002)......................................................6, 8

*Richardson v. TVIA*, 2007 WL 1129344 (N.D. Cal. Apr. 16, 2007)....................6, 8

**Statutes**

15 U.S.C. § 78u-4 ............................................................................. passim

**Rules**

Fed. R. Civ. P. 23.......................................................................................8

Fed. R. Civ. P. 42.......................................................................................4

Luis Hernandez ("Movant") respectfully submits this memorandum in support of his motion for an Order, pursuant to Section 21D of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(1)  consolidating the above-captioned actions;

(2) appointing Movant as Lead Plaintiff on behalf of all persons or entities who purchased or otherwise acquired publicly traded Luna Innovations Incorporated ("Luna") securities between May 16, 2022 and April 19, 2024,[1] inclusive (the "Class Period") to recover damages caused by Defendants' violations of the federal securities laws (the "Class"); and

(3) appointing The Rosen Law Firm, P.A. ("Rosen Law") as Lead Counsel for the Class.

## I.   PERTINENT BACKGROUND

This action was commenced by Rosen Law on April 1, 2024, against Luna, Scott A. Graeff, Eugene J. Nestro, and George Gomez-Quintero, (collectively

---

[1] The first-filed action, *Karzoun v. Luna Innovations Incorporated. et al.*, case no. 2:24-cv-02630-CBM-KS has a class period of August 11, 2023 through March 25, 2024. The later-filed action, *Thompson v. Luna Innovations Incorporated, et al.*, case no. 2:24-cv-04068-CBM-KS, has a class period of May 16, 2022 through April 19, 2024. A more inclusive class period is favored at the lead plaintiff stage. *See e.g., In re Gentiva Sec. Litig.*, 281 F.R.D. 108, 113- 114 (E.D.N.Y. 2012) (court favoring a broader class which "encompasses more potential class members" early in the litigation at the lead plaintiff stage); *Deering v. Galena Biopharma, Inc.,* 2014 WL 4954398, at *10 (D. Or. Oct. 3, 2014) (recognizing that courts commonly select "most inclusive class period" at lead plaintiff stage).

1

"Defendants"), for violations under the Exchange Act. Dkt. No. 1. That same day, Rosen Law issued an early notice pursuant to the PSLRA advising class members of, among other things, the allegations and claims in the complaint, the Class Period, and of their option to seek appointment as Lead Plaintiff. *See* Declaration of Laurence M. Rosen ("Rosen Decl."), Ex. 1, filed herewith. The above-captioned related action styled as *Thompson v. Luna Innovations Incorporated, et al.*, case no. 2:24-cv-04068-CBM-KS (the "*Thompson* Action"), was subsequently filed in this District asserting substantially similar facts and claims as the instant action, but with a longer Class Period. *See Thompson* Action, Dkt. No. 1.

Defendant Luna is a technology company that is focused on fiber optics. Dkt. No. 1 ¶ 7. It creates products targeted towards the aerospace, automotive, and communications industries, among others. *Id*.

The complaints allege that throughout the Class Period, Defendants made false and/or misleading statements and/or failed to disclose that: (1) Luna's 2022 quarterly and full-year financial statements and its 2023 quarterly financial statements included false figures as a result of improper revenue recognition; (2) as a result, Luna would need to restate its previously filed financial statements throughout the same period; (3) Luna lacked adequate internal controls and procedures; (4) Luna's disclosure controls and procedures were not effective; and (5) as a result, Defendants' statements about its business, operations, and prospects,

2

were materially false and misleading and/or lacked a reasonable basis at all times. *Id*. ¶ 27; *Thompson* Action, Dkt. No. 1 ¶ 24.

On March 12, 2024, after the market closed, Luna filed with the SEC a current report on Form 8-K announcing it would need to restate its financial statements for the second and third quarters of 2023. *Id*. ¶ 28-29; *see also Thompson* Action, Dkt. No. 1 ¶ 25-26. Also on March 12, 2024, after the market closed, the Company filed with the SEC a late filing notice on Form NT 10-K for its annual report for the fiscal year ended December 31, 2023. *Id*. ¶ 30; *see also Thompson* Action, Dkt. No. 1 ¶ 27. On this news, the price of Luna Innovations stock fell $2.24 per share, or 35%, to close at $4.02 on March 13, 2024. *Id*. ¶ 31; *see also Thompson* Action, Dkt. No. 1 ¶ 28.

Then on March 25, 2024, after the market closed, the Company filed with the SEC a current report on Form 8-K which announced that Defendant Graeff had retired as Luna's Chief Executive Officer, President, and Director, effective immediately. *Id*. ¶ 32; *see also Thompson* Action, Dkt. No. 1 ¶ 29. Upon information and belief, Defendant Graeff retired as a result of the misconduct detailed in this complaint. *Id*. On this news, the price of Luna stock fell by $0.41 per share, or 11%, to close at $3.14 on March 26, 2024. *Id*. ¶ 33; *see also Thompson* Action, Dkt. No. 1 ¶ 30.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF LUIS HERNANDEZ TO CONSOLIDATE CASES, APPOINT LEAD PLAINTIFF, AND APPROVE OF CHOICE OF COUNSEL
2:24-cv-02630-CBM-KS

Then on April 19, 2024, before market hours, Luna filed a current report on Form 8-K which announced that, in addition to the previously announced non-reliance on its second and third quarter financial statements, investors should no longer rely on its previously filed financial statements contained in its 2022 quarterly and full-year financial statements and its first quarter 2023 financial statements because the Company improperly recognized revenues in each of those reports as well. *Thompson* Action, Dkt. No. 1 ¶ 31-32.

On this news, the price of Luna shares fell $0.36, or 12%, down during the two trading days ended April 22, 2024. *Id*. ¶ 33.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages. *See* Dkt. No. 1 ¶ 34; *Thompson* Action, Dkt. No. 1 ¶ 34.

## ARGUMENT

## II.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions

4

consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. 78u-4(a)(3)(A)(ii). As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a).

Both of the above-captioned related actions have been filed in this District alleging substantially similar factual and legal grounds to support allegations of violations of the Exchange Act by defendants arising from the public dissemination of false and misleading information to investors. Accordingly, the above-captioned cases should be consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes.

## III.   MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

5

(aa) has either filed the complaint or made a motion in response to a notice …;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) (emphasis added); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).

As set forth below, Movant satisfies the above criteria, has the largest financial interest of any movant in this litigation, and is therefore the most adequate plaintiff and should be appointed as Lead Plaintiff.

**A.    Movant is Willing to Serve as Class Representative**

Movant has made a timely motion in response to a PSLRA early notice. *See* Rosen Decl., Ex. 1. Additionally, as set forth in his PSLRA certification, Movant attests that he has reviewed the complaint, adopts the allegations therein, and is willing to serve as representative of the class. *See* Rosen Decl., Ex. 2. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the class.

**B.    Movant has the Largest Financial Interest in the Action**

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff … is the person or group … that … has the largest financial

6

interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii); *Cavanaugh*, 306 F.3d at 730. While the PSLRA does not specify precisely how to calculate the "largest financial interest", a movant's approximate losses in the subject securities is the best measure. *Richardson v. TVIA*, 2007 WL 1129344, at *4 (N.D. Cal. Apr. 16, 2007) (citing cases).

Movant lost approximately $15,564 in connection with his purchases of Luna securities. *See* Rosen Decl., Ex. 3. Movant is not aware of any other movant that has suffered greater losses in the Company's securities during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

### C.     Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Federal Rule of Civil Procedure Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

(1) the class is so numerous that joinder of all members is impracticable;

7

(2) there are questions of law or fact common to the class;

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that Movant satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification—a *prima facie* showing that Movant satisfies the requirements of Rule 23 is sufficient. *Cavanaugh*, 306 F.3d at 730-31. At the lead plaintiff stage, "[t]he typicality and adequacy requirements of Rule 23 are the main focus" and "[e]xamination of the remaining requirements [of Rule 23] are deferred until the lead plaintiff moves for class certification." *Richardson*, 2007 WL 1129344, at * 4 (citing *Cavanaugh*, 306 F.3d at 730).

Movant fulfills all the pertinent requirements of Rule 23. Movant shares substantially similar questions of law and fact with the members of the class, and his claims are typical of the members of the class. Movant and all members of the class allege that Defendants violated the Exchange Act by publicly disseminating false and misleading statements about the Company and its business. Movant, as did all of the members of the class, purchased Luna securities at prices artificially

8

inflated due to Defendants' misrepresentations and omissions, and was damaged thereby. These shared claims also satisfy the requirement that the claims of the representative party be typical of the claims of the class.

Thus, the close alignment of interests between Movant and other class members, as well as Movant's desire to prosecute this action on behalf of the class, provides ample reason to appoint Movant as Lead Plaintiff.

### D.      Movant Will Fairly and Adequately Represent the Interests of the Class and is Not Subject to Unique Defenses

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

(aa)    will not fairly and adequately protect the interests of the class;

or

(bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Movant's ability and desire to fairly and adequately represent the class has been discussed above. Movant is not aware of any unique defenses that Defendants could raise against him that would render Movant inadequate to represent the Class.

Accordingly, the Court should appoint Movant as Lead Plaintiff for the Class.

9

Further, Movant has over 6 years of investing experience. He holds a Master's degree in Cybersecurity and is employed in the IT field as a Site Reliability Engineer.

## III. MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with the Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected Rosen Law as Lead Counsel. The firm has been actively researching the Class's and Movant's claims, including filing this action, reviewing publicly available financial and other documents and gathering information in support of the claims against Defendants. Furthermore, the firm has an extensive history bringing significant recoveries to investors and is experienced in securities litigation and class actions, having been appointed as lead counsel in securities class actions in this District and in other courts throughout the nation. *See* Rosen Decl., Ex. 4.

As a result of the firm's experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge that will enable the firm to prosecute this action effectively and expeditiously. Thus, the

10

Court may be assured that by approving Movant's selection of Lead Counsel, the members of the class will receive the best legal representation available.

## IV.   CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court issue an Order: (1) appointing Movant as Lead Plaintiff of the class; (2) approving Rosen Law as Lead Counsel; and (3) granting such other relief as the Court may deem to be just and proper.

Dated:   May 31, 2024                    Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/ Laurence M. Rosen
Laurence M. Rosen, Esq. (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Counsel for Movant and [Proposed] Lead Counsel for the Class*

11

# CERTIFICATE OF WORD COUNT

The undersigned, counsel of record for Luis Hernandez, certifies that this brief is less than 25 pages and contains 2,354 words, which complies with the page limit of Your Honor's Standing Order Rule 7.c. and the word limit of L.R. 11-6.1.

Executed on May 31, 2024.

/s/ Laurence M. Rosen

12

## CERTIFICATE OF SERVICE

I, Laurence M. Rosen, hereby declare under penalty of perjury as follows:

I am the Managing Partner of The Rosen Law Firm, P.A., with offices at 355 South Grand Avenue, Suite 2450, Los Angeles, CA 90071.  I am over the age of eighteen.

On May 31, 2024, I electronically filed the following **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF LUIS HERNANDEZ TO CONSOLIDATE CASES, APPOINT LEAD PLAINTIFF, AND APPROVE OF CHOICE OF COUNSEL** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

Executed on May 31, 2024.

/s/ Laurence M. Rosen
Laurence M. Rosen

13