Lucas E. Gilmore, Bar No. 250893
Reed Kathrein, Bar No. 139304
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
Email: lucasg@hbsslaw.com
       reed@hbsslaw.com

*Attorneys for Movant George Lang*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EYAD KARZOUN, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LUNA INNOVATIONS INCORPORATED, SCOTT A. GRAEFF, EUGENE J. NESTRO, and GEORGE GOMEZ-QUINTERO,<br><br>Defendants. | Case No. 2:24-cv-02630-CBM-KS<br><br><u>CLASS ACTION</u><br><br>**RESPONSE IN SUPPORT OF MOTION TO CONSOLIDATE THE RELATED ACTIONS, APPOINT GEORGE LANG AS LEAD PLAINTIFF, AND APPROVE HIS SELECTION OF LEAD COUNSEL**<br><br>Date:       Tuesday, July 2, 2024<br>Time:       10:00 a.m.<br>Courtroom:  8D<br>Judge:      Hon. Consuelo B. Marshall |
| LEE MICHAEL THOMPSON, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br>LUNA INNOVATIONS INCORPORATED, SCOTT A. GRAEFF, EUGENE J. NESTRO, and GEORGE GOMEZ-QUINTERO,<br><br>Defendants. | Case No. 2:24-cv-04068-CBM-KS |

## I.    INTRODUCTION

On May 31, 2024, movant George Lang ("Mr. Lang") moved this Court pursuant to the PSLRA for consolidation of the related actions, appointment as Lead Plaintiff and approval of selection of Hagens Berman as Lead Counsel for the Class. ECF. No. 9. Three other applicants submitted similar motions for Lead Plaintiff appointment. See ECF Nos. 13, 14, 17. Since those filings, all other movants have filed notices acknowledging that they do not have the largest financial interest and indicating they do not oppose Mr. Lang's motion for appointment as Lead Plaintiff. *See,* non-opposition notices filed by Luis Hernandez (ECF No. 22), Zachari Pirbudagov (ECF No. 23), and Nicholas Ray (ECF No. 24). Mr. Lang's motion for appointment as Lead Plaintiff and approval of selection of Lead Counsel is, therefore, unopposed.

Mr. Lang, as the unopposed movant claiming the largest financial interest while also satisfying the typicality and adequacy requirements of Rule 23, is the presumed "most adequate plaintiff" under the PSLRA. 15 U.S.C. § 78u–4(a)(3)(B)(iii).  Mr. Lang, a sophisticated businessman and experienced investor, claims the largest financial interest, having suffered $74,377.86 in losses on his transactions in Luna securities during the longest alleged class period of May 16, 2022 and April 19, 2024, as alleged in the *Thompson* Complaint. *See, e.g., Miami Police Relief & Pension Fund v. Fusion-io, Inc.*, 2014 WL 2604991, at *1 n.3 (N.D. Cal. June 10, 2014) ("For purposes of appointing a lead  plaintiff, the longest class period governs.").[1] Indeed, Mr. Lang's losses are nearly five times larger than the losses of the next largest movant.

---

[1] All Movants agree that for purposes of the lead plaintiff stage, the Court should adopt the longer alleged class period in later-filed *Thompson* action, May 16, 2022 through April 19, 2024, inclusive. *See* ECF Nos. 9, 13, 14, and 17.

| **MOVANT** | **LOSS CLAIMED** |
|---|---|
| George Lang | $74,377.86 |
| Luis Hernandez | $15,564.70 |
| Zachari Pirbudagov | $11,371.00 |
| Nicholas Ray | $3,083.91 |

Mr. Lang also made a *prima facie* showing of typicality and adequacy. Here, like other class members, Mr. Lang's claims raise the common question of whether Defendants made material misrepresentations that artificially inflated the Company's stock price. Moreover, Mr. Lang has demonstrated his adequacy given his significant financial stake and ability to zealously prosecute the class's claims.

As the presumed "most adequate plaintiff," the PSLRA and Ninth Circuit authority requires that Mr. Lang be appointed as Lead Plaintiff absent "***proof***" that he is atypical, inadequate, or subject to unique defenses. 15 U.S.C. § 78u–4(a)(3)(B)(iii)(II); *In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002). As no movant has, or will be able to, meet the requisite standard of "***proof***" to rebut the statutory presumption in favor of Mr. Lang, he is entitled to appointment as Lead Plaintiff. Accordingly, Mr. Lang, as the presumed "most adequate plaintiff," respectfully requests that the Court appoint him as Lead Plaintiff and approve his selection of Hagens Berman as Lead Counsel.

## II.   ARGUMENT

The PSLRA provides that district courts "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). The statute provides three factors for a court to consider in making this determination: It creates a rebuttable presumption that the "most adequate plaintiff" is the person that:

-2-

(aa)   has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);

(bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

§ 78u-4(a)(3)(B)(iii)(I).

This presumption can be rebutted "only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff--(aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of inadequately representing the class." § 78u-4(a)(3)(B)(iii)(II). Here, Mr. Lang satisfies all of the requirements and there are no facts (let alone evidence) suggesting he would be an inadequate or atypical class representative.

## A.   Mr. Lang Timely Filed His Motion for Appointment as Lead Plaintiff

Mr. Lang satisfies the first prong because he filed a motion on May 31, 2024 in response to the notice filed by Plaintiff Karzoun, which satisfied the requirements of the PSLRA.

## B.   Mr. Lang's Financial Interest in this Action is Larger than Any Other Movant

As to the second prong, the PSLRA provides a rebuttable presumption that the "most adequate plaintiff" is the plaintiff with the largest financial interest in the relief sought by the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). Mr. Lang suffered losses of $74,377.86 on his purchases of Luna securities between May 16, 2022 and April 19, 2024, inclusive – the class period that all Movants have adopted for purposes of lead plaintiff. *See* Gilmore Decl., Ex. B (ECF No. 11-2). Thus, Mr. Lang indisputably has the largest financial interest in the relief sought by the Class.

**C.      Mr. Lang also Satisfies the Typicality and Adequacy Requirements of Rule 23**

Mr. Lang also satisfies the typicality and adequacy requirements of Rule 23. "[Mr. Lang]'s claims are typical of the putative class because they are based on the same legal theory and arise from the same events as the putative class members' claims." *Burns v. UP Fintech Holding Ltd.*, 2024 WL 387261, at *6 (C.D. Cal. Jan. 30, 2024) (Marshall, J.).

Mr. Lang similarly satisfies Rule 23's adequacy requirement because he is capable of "fairly and adequately protect[ing] the interests of the class." Fed. R. Civ. P. 23(a)(4). Mr. Lang has a substantial financial stake in the litigation as well as the incentive and ability to vigorously pursue the Class's claims. Further, Mr. Lang's interests are perfectly aligned with those of other Class members and are not antagonistic in any way. There are no facts to suggest any actual or potential conflict of interest or other antagonism between Mr. Lang and the Class. Finally, Mr. Lang's selected counsel, Hagens Berman, is highly experienced in securities litigation. *See* Gilmore Decl., Ex. E (ECF No. 11-5).

Because there is no contrary evidence against Mr. Lang, the Court should appoint Mr. Lang as lead plaintiff. *See, UP Fintech Holding Ltd.,* 2024 WL 387261, at *6 (lead plaintiff applicant found adequate after court determined he made unrebutted showing that he had no conflicts of interest with other class members, and that he would prosecute the action vigorously on behalf of the class).

**D.      Hagens Berman Should Be Appointed Lead Counsel**

Mr. Lang's counsel, Hagens Berman, readily satisfies statutory requirements for lead class counsel and would fairly and adequately represent the class. Hagens Berman has also previously prosecuted a number of similar securities fraud class actions and has been successful. *See* Gilmore Decl., Ex. E (ECF No. 11-5) at pages 54-57. Because Hagens Berman has demonstrated its competency to represent the class, the Court should appoint Hagens Berman as lead counsel.

-4-

## III.   CONCLUSION

For the reasons discussed above and in the opening brief (ECF No. 9), Mr. Lang respectfully requests that the Court consolidate the related actions, appoint him Lead Plaintiff, and approve his selection of Hagens Berman as Lead Counsel for the Class.


Dated: June 11, 2024                    Respectfully submitted,

                                        HAGENS BERMAN SOBOL SHAPIRO LLP

                                        By /s/ *Lucas E. Gilmore*
                                            Lucas E. Gilmore, Bar No. 250893
                                        Reed Kathrein, Bar No. 139304
                                        715 Hearst Avenue, Suite 300
                                        Berkeley, CA  94710
                                        Telephone: (510) 725-3000
                                        Facsimile:  (510) 725-3001
                                        Email:    lucasg@hbsslaw.com
                                                  reed@hbsslaw.com

                                        *Counsel for Movant George Lang*

RESP ISO MOT. TO CONSOL. REL. CASES. APPOINT LEAD PL.
AND APPROVE LEAD COUNSEL
Case No. 2:24-cv-02630-CBM-KS