Emily E. Renshaw (*pro hac vice*)
emily.renshaw@morganlewis.com
Matthew C. McDonough (*pro hac vice*)
matthew.mcdonough@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
One Federal Street
Boston, MA  02110-1726
Tel:    +1.617.341.7700
Fax:    +1.617.341.7701

Robert O'Leary (SBN 284879)
bob.oleary@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Tel:    +1 415 442 1000
Fax:    +1 415 442 1001

*Attorneys for Defendant*
*George Gomez-Quintero*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| In re LUNA INNOVATIONS INCORPORATED SECURITIES LITIGATION,<br><br>This Document Relates to ALL ACTIONS | Master File No. 2:24-cv-02630-CBM-KS<br><br><u>CLASS ACTION</u><br><br>**GEORGE GOMEZ-QUINTERO'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF REPLY IN SUPPORT OF MOTION TO DISMISS**<br><br>Date:    March 11, 2025<br>Time:    10:00 a.m.<br>Judge:   Hon. Consuelo B. Marshall |

MORGAN, LEWIS &
BOCKIUS LLP

Pursuant to Federal Rule of Evidence 201(b)(2), Defendant George Gomez-Quintero hereby respectfully requests that the Court take judicial notice of the relevant facts contained in the two documents listed below, each of which is submitted in support of Mr. Gomez-Quintero's Reply in Support of Motion to Dismiss the Amended Complaint ("Reply"), filed concurrently herewith.  True and correct copies of these documents are attached as exhibits to the concurrently filed Declaration of Matthew C. McDonough in Support of Mr. Gomez-Quintero's Reply ("McDonough Declaration").

**Exhibit 1** to the McDonough Declaration is a true and correct copy of Luna Innovations Incorporated's ("Luna") Form 8-K filed with the United States Securities and Exchange Commission ("SEC") on or about October 17, 2023.[1]  This Form 8-K describes Mr. Gomez-Quintero's employment agreement with Luna, which is relevant for the reasons described in Mr. Gomez-Quintero's Reply at 7-8.

**Exhibit 2** to the McDonough Declaration is a true and correct copy of:  (a) the cover page to Luna's Form 10-K for the fiscal year ended December 31, 2019 filed with the SEC on or about March 13, 2020; and (b) Exhibit 10.29 to that Form 10-K, the December 2, 2019 Employment Agreement between Gene Nestro and Luna.[2]  That employment agreement is relevant for the reasons described in Mr. Gomez-Quintero's Reply at 7-8.

The Court should take judicial notice of the relevant facts in these SEC filings. On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "courts must consider the complaint in its entirety, as well as other sources court ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take

---

[1] *Also available at*
https://www.sec.gov/Archives/edgar/data/1239819/000123981923000118/luna-20231016.htm
[2] *Also available at*
https://www.sec.gov/Archives/edgar/data/1239819/000123981920000032/luna-20191231x10k.htm

1

GOMEZ-QUINTERO RJN
CASE NO. 2:24-CV-02630-CBM-KS

judicial notice." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007). Federal Rule of Evidence 201(b)(2) permits courts to "judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

The documents in question were filed by Luna with the SEC and accordingly, are a matter of public record. As such, they are "sources whose accuracy cannot reasonably be questioned," *id.*, and courts regularly take judicial notice of facts in such SEC filings. *See Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (SEC filings are subject to judicial notice); *Dreiling v. Am. Exp. Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006) (same) (citation omitted); *Farhar v. Ontrak, Inc.*, 714 F. Supp. 3d 1198, 1207 (C.D. Cal. 2024) ("SEC filings are a matter of public record and, thus, are properly the subject of judicial notice. ... So too are the relevant press releases."); *Okla. Firefighters Pension & Ret. Sys. v. IXIA*, 50 F. Supp. 3d 1328, 1348-49 (C.D. Cal. 2014) ("Because the documents are SEC filings, they are proper subjects of judicial notice.").

That Mr. Gomez-Quintero submits the SEC filings in support with his Reply (and not his Motion) is not a basis to deny this Request for Judicial Notice. As discussed in his Reply, Plaintiff alleged new facts for the first time in his Opposition concerning Mr. Gomez-Quintero's departure from Luna that do not appear in his Amended Complaint. *See* Reply at 1-2, 7-8. Because Plaintiff raised these new allegations and arguments in his Opposition for the first time, Mr. Gomez-Quintero is not raising new issues, and could not reasonably have submitted the SEC filings with his Motion to Dismiss, which demonstrate the infirmity of Plaintiff's new allegations and arguments concerning Mr. Gomez-Quintero's departure from Luna. Courts regularly accept documents submitted on reply in such circumstances. *See, e.g.*, *In re Google Location Hist. Litig.*, 428 F. Supp. 3d 185, 190 (N.D. Cal. 2019) (granting request for judicial notice in connection with reply brief because the

MORGAN, LEWIS &
BOCKIUS LLP

2

GOMEZ-QUINTERO RJN
CASE NO. 2:24-CV-02630-CBM-KS

information sought to be noticed pertained to a factual issue discussed by Plaintiffs in their opposition briefing; therefore, "Defendants [were] not introducing, for the first time, new facts or different legal arguments" via the documents); *Applied Materials, Inc. v. Demaray LLC*, 2020 WL 8515132, at *1 (N.D. Cal. Dec. 16, 2020) (noting that "evidence submitted with a reply brief is not new evidence when it is submitted to rebut arguments raised in the opposition brief"); *Hupp v. San Diego Cnty.*, 2014 WL 347472, at *4 (S.D. Cal. Jan. 30, 2014) (granting judicial notice of documents in connection with reply brief). The Court should do the same here.

**<u>CONCLUSION</u>**

For the reasons set forth herein, Mr. Gomez-Quintero respectfully requests that the Court take judicial notice of the relevant facts contained in the SEC filings comprising **<u>Exhibits 1</u>** and **<u>2</u>** to the McDonough Declaration.

MORGAN, LEWIS &
BOCKIUS LLP

GOMEZ-QUINTERO RJN
CASE NO. 2:24-CV-02630-CBM-KS

Dated:  February 11, 2024

MORGAN, LEWIS & BOCKIUS LLP

By:_____

Emily E. Renshaw (*pro hac vice*)
emily.renshaw@morganlewis.com
Matthew C. McDonough (*pro hac vice*)
matthew.mcdonough@morganlewis.com
One Federal St.
Boston, MA 02110-1726
Tel: (617) 341-7700
Fax: (617) 341-7701

Robert H. O'Leary (SBN 284879)
bob.oleary@morganlewis.com
One Market
Spear Street Tower, 28th Floor
San Francisco, CA 94105-1596
Tel: (415) 442-1452
Fax: (415) 442-1001

*Attorneys for Defendant*
*George Gomez-Quintero*