DANIEL P. ROESER (*pro hac vice*)
(droeser@goodwinlaw.com)
CHARLES A. BROWN (*pro hac vice*)
(cbrown@goodwinlaw.com)
JESSICA VOGELE (*pro hac vice*)
(jvogele@goodwinlaw.com)
**GOODWIN PROCTER LLP**
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Tel: (212) 813-8800
Fax: (212) 355-3333

*Attorneys for Defendant Eugene J. Nestro*

[Additional Counsel Listed in Signature Block]

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re LUNA INNOVATIONS INCORPORATED SECURITIES LITIGATION<br><br><br>This Document Relates To: ALL ACTIONS | Master File No. 2:24-cv-02630-CBM KS<br><br>**DEFENDANT EUGENE J. NESTRO'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF HIS MOTION TO DISMISS THE AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**<br><br>Date: March 11, 2025<br>Time: 10:00 a.m.<br>Courtroom: 8D (8th Fl.)<br>Judge: Hon. Consuelo B. Marshall<br>350 W. 1st Street<br>Los Angeles, CA 90012 |

# **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ...................................................................................1

ARGUMENT.............................................................................................................1

I.      PLAINTIFF DOES NOT PLEAD SCIENTER AS TO MR. NESTRO.........1

        A.      The Allegations Concerning Mr. Nestro Do Not Show Scienter. ........2

        B.      The Alleged Accounting Errors Do Not Show Scienter.......................4

        C.      The Alleged Actions Of Other Defendants Do Not Show Scienter. ....6

II.     PLAINTIFF DOES NOT PLEAD CONTROL PERSON LIABILITY AS TO MR. NESTRO. ..................................................................................7

CONCLUSION..........................................................................................................9

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

In re Adaptive Broadband Sec. Litig.,
2002 WL 989478 (N.D. Cal. Apr. 2, 2002)......................................................2, 3

In re Am. Apparel, Inc. S'holder Litig.,
2013 WL 10914316 (C.D. Cal. Aug. 8, 2013) ......................................................8

Bao v. SolarCity Corp.,
2015 WL 1906105 (N.D. Cal. Apr. 27, 2015)......................................................8

Boston Ret. Sys. v. Alexion Pharms., Inc.,
556 F. Supp. 3d 100 (D. Conn. 2021) ..................................................................6

Brown v. InnerWorkings, Inc.,
2019 WL 4187385 (C.D. Cal. Mar. 27, 2019) .....................................................3

In re Diamond Foods, Inc., Sec. Litig.,
2012 WL 6000923 (N.D. Cal. Nov. 30, 2012)......................................................5

Howard v. Hui,
2001 WL 1159780 (N.D. Cal. Sept. 24, 2001).....................................................8

Jui-Yang Hong v. Extreme Networks, Inc.,
2017 WL 1508991 (N.D. Cal. Apr. 27, 2017).....................................................5

Lamartina v. VMware, Inc.,
2021 WL 4133851 (N.D. Cal. Sept. 10, 2021)....................................................3

In re Medicis Pharm. Corp. Sec. Litig.,
2010 WL 3154863 (D. Ariz. Aug. 9, 2010) .....................................................4, 5

Patel v. Axesstel, Inc.,
2015 WL 631525 (S.D. Cal. Feb. 13, 2015) ........................................................5

Petrie v. Elec. Game Card, Inc.,
2015 WL 475958 (C.D. Cal. Feb. 5, 2015)..........................................................8

Reese v. Malone,
747 F.3d 557 (9th Cir. 2014).................................................................................6

ii

City of Roseville Emps.' Ret. Sys. v. Horizon Lines, Inc.,
    442 F. App'x 672 (3d Cir. 2011) ...........................................................................7

SEC v. Todd,
    642 F.3d 1207 (9th Cir. 2011) ............................................................................8

In re SemGroup Energy Partners, L.P.,
    729 F. Supp. 2d 1276 (N.D. Okla. 2010) ...........................................................7

Thomas v. Magnachip Semiconductor Corp.,
    167 F. Supp. 3d 1029 (N.D. Cal. 2016).............................................................4

In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods.
    Liab. Litig.,
    2017 WL 66281 (N.D. Cal. Jan. 4, 2017) ..........................................................8

Webb v. SolarCity Corp.,
    884 F.3d 844 (9th Cir. 2018) ..............................................................................7

In re Wet Seal, Inc. Sec. Litig.,
    518 F. Supp. 2d 1148 (C.D. Cal. 2007).............................................................2

Zucco Partners, LLC v. Digimarc Corp.,
    552 F.3d 981 (9th Cir. 2009) .....................................................................2, 5, 7

iii

Defendant Eugene J. Nestro submits this Reply Memorandum of Points and Authorities in Further Support of his Motion to Dismiss the Amended Complaint pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure and the PSLRA.[1]   This Court should dismiss Plaintiff's claims against Mr. Nestro with prejudice for the reasons in the Nestro Motion and below, as well as for the reasons in the Luna Motion and the Reply in Support of Motion to Dismiss Amended Complaint filed by Luna (the "Luna Reply"), which Mr. Nestro hereby incorporates by reference.

## PRELIMINARY STATEMENT

Plaintiff's Opposition ("Opp.") (ECF No. 76) confirms that the claims against Mr. Nestro should be dismissed.  Plaintiff argues that Defendants are trying to "evade liability for a years-long fraudulent accounting scheme based on Luna's refusal to release the Company's financial statements, its refusal to disclose the results of its internal investigation, and its refusal to come clean about Defendants' intentional misconduct." (Opp. 1.)  On its face, that has nothing to do with Mr. Nestro, who left Luna many months before any of those decisions by the Company.  Not surprisingly, Plaintiff treats Mr. Nestro as an afterthought and instead focuses this Court on the conduct of other Defendants.  Even when Plaintiff does mention Mr. Nestro, Plaintiff alleges only that Mr. Nestro served as CFO of Luna, made supposedly false statements, and signed supposedly false SOX certifications.  Such allegations do not state a claim for primary or control person liability.

This Court should dismiss Plaintiff's claims against Mr. Nestro with prejudice.

## ARGUMENT

I.     **PLAINTIFF DOES NOT PLEAD SCIENTER AS TO MR. NESTRO.**

Plaintiff's Section 10(b) claim against Mr. Nestro should be dismissed because

---

[1] Unless otherwise defined herein, all capitalized and abbreviated terms have the meanings ascribed to them in Mr. Nestro's Memorandum of Points and Authorities in Support of his Motion to Dismiss the Amended Complaint (the "Nestro Motion").  (See ECF No. 73-1.)

the Amended Complaint does not plead facts showing scienter as to Mr. Nestro. Plaintiff does not seriously dispute that his allegations concerning Mr. Nestro do not give rise to a strong inference of scienter.  Rather, Plaintiff argues that (1) those allegations together with (2) the nature and "prominence" of the alleged accounting errors and (3) the alleged actions of **other** Defendants plead a strong inference of scienter.  (See Opp. 22-32; see also AC ¶¶ 45-47, 53-54, 97, 106-07.)  Plaintiff is wrong as a matter of law.

### A.    The Allegations Concerning Mr. Nestro Do Not Show Scienter.

Plaintiff argues that allegations that Mr. Nestro (1) "signed six false statements" and "made numerous false statements about the Company's revenue" and (2) then left Luna "are more than sufficient to establish [Mr.] Nestro's scienter."  (Opp. 27.)

**Alleged False Statements.**   Courts – including the Ninth Circuit – have repeatedly held that allegations that a senior officer made supposedly false statements and signed supposedly false SOX certifications do not give rise to a strong inference of scienter.  See, e.g., Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 1003-04 (9th Cir. 2009) (allegations that senior executives signed purportedly false SOX certifications "add nothing substantial to the scienter calculus" because "allowing [SOX] certifications to create an inference of scienter in every case . . . would eviscerate the pleading requirements for scienter set forth in the PSLRA"); In re Wet Seal, Inc. Sec. Litig., 518 F. Supp. 2d 1148, 1163 (C.D. Cal. 2007) (plaintiffs failed to plead scienter because they did "not allege[] anything about individual officers' involvement in the alleged improper accounting").[2]  Plaintiff does not even attempt to distinguish any of those cases.  (Compare Nestro Mot. 4 with Opp. 22-32.)

Rather, Plaintiff cites a single case – In re Adaptive Broadband Securities Litigation, 2002 WL 989478 (N.D. Cal. Apr. 2, 2002) – that illustrates exactly why Plaintiff's argument fails.  In Adaptive, the court held that "conclusory allegations of

---

[2] Alterations, citations, and internal quotation marks are omitted and emphasis is added unless otherwise noted.

2

GAAP violations standing alone cannot be used to prove intentional or reckless conduct" and must be combined with "evidence of the contemporaneous decision-making behind the accounting errors" to give rise to a strong inference of scienter. Adaptive, 2002 WL 989478, at *12-13.  There, the "evidence" included not only allegedly false statements and resignations, but also "witness reports that Defendants were deliberately violating accounting rules with side agreements and insupportable credit extensions." Id. at *15.  Here, there are no such allegations at all.

As a fallback, Plaintiff argues that "Defendants' statements evincing their knowledge of the Company's business and revenues further supports scienter." (Opp. 29.)  Plaintiff, however, nowhere alleges that Mr. Nestro held himself out as knowledgeable but only that he signed SOX certifications and attributed Luna's revenue growth to various factors.  (See AC ¶¶ 38-41, 48-50, 55-57, 63-66, 74-76, 80-83.)  That is not enough.  That a CFO "spoke repeatedly on investor calls with analysts concerning . . . financial performance, including backlog, on a daily, quarterly, and yearly basis" is insufficient to give rise to a strong inference of scienter. Lamartina v. VMware, Inc., 2021 WL 4133851, at *14 (N.D. Cal. Sept. 10, 2021).

**Departure.**  Mr. Nestro left Luna almost five months before the Company announced that it would be reviewing and restating its financial statements and more than five months before Mr. Graeff and Mr. Gomez-Quintero left the Company.  (See AC ¶¶ 13, 92, 97, 106.)  Courts have repeatedly held that departures under such circumstances do not give rise to a strong inference of scienter.  See, e.g., Brown v. InnerWorkings, Inc., 2019 WL 4187385, at *4 (C.D. Cal. Mar. 27, 2019) (allegation that CFO resigned five months before company issued restatement did not support strong inference of scienter).

The allegations concerning Mr. Nestro do not give rise to a strong inference of scienter.

3

E. NESTRO'S REPLY MEM.                              MASTER FILE NO. 2:24-cv-02630-CBM-KS

**B.    The Alleged Accounting Errors Do Not Show Scienter.**

Plaintiff argues that the nature and "prominence" of the alleged accounting errors show scienter because "revenue recognition [is] a basic accounting principle that, if violated, gives rise to a strong inference of scienter." (Opp. 23.) Plaintiff provides no legal basis for that proposition – because there is none. Plaintiff's "own case law suggests that allegations regarding the nature and magnitude of the alleged accounting violations will rarely be enough by themselves to show scienter." Thomas v. Magnachip Semiconductor Corp., 167 F. Supp. 3d 1029, 1042 (N.D. Cal. 2016) (cited at Opp. 23).

**Nature.**    To determine whether an accounting error gives rise to a strong inference of scienter, courts consider "[t]he magnitude of the error" and "the complexity or simplicity of the relevant accounting standard." In re Medicis Pharm. Corp. Sec. Litig., 2010 WL 3154863, at *5 (D. Ariz. Aug. 9, 2010) (cited at Opp. 23). "A plaintiff . . . cannot merely point at a GAAP principle and contend that a correct interpretation was simple or obvious. At the very least, the plaintiff must present facts demonstrating that the defendant was aware of the relevant GAAP principle and that this defendant knew how that princip[le] was being interpreted." Id. "The plaintiff must then plead facts explaining how the defendant's incorrect interpretation was so unreasonable or obviously wrong that it should give rise to an inference of deliberate wrongdoing." Id. Plaintiff pleads no such facts.

More specifically, Plaintiff does not allege which revenue recognition principle was violated, whether that principle was complex or simple, whether Luna's interpretation of that principle was unreasonable or obviously wrong, or the magnitude of the revenue recognition error – much less that Mr. Nestro was aware of any of that himself. And Plaintiff does not cite any cases holding that the bare allegation that a company improperly recognized revenue, which is all that Plaintiff pleads, gives rise to any inference of scienter. That is not the law, as the cases cited

4

by Plaintiff make clear.  (See Opp. 23.); see also Patel v. Axesstel, Inc., 2015 WL 631525, at *9 (S.D. Cal. Feb. 13, 2015) (officers made statements showing specific knowledge of "warranty issues" that gave rise to improper revenue recognition); In re Diamond Foods, Inc., Sec. Litig., 2012 WL 6000923, at *9 (N.D. Cal. Nov. 30, 2012) (confidential witness stated that he was directed by CFO and others "to change financials by shuffling costs and expenses on the financial statements"); Medicis, 2010 WL 3154863, at *6-7 (company's financial statements identified reserve methodology as one of company's "most critical accounting policies" and defendants' interpretation of relevant accounting principle was "untenable").

**"Prominence."**  Under the "core operations" doctrine, a misstatement alone will support an inference of scienter only where "the falsity is patently obvious – where the facts are prominent enough that it would be absurd to suggest that top management was unaware of them."  Zucco Partners, 552 F.3d at 1001.  Plaintiff argues that the alleged misstatements were "of such prominence that it would be absurd to suggest that the Defendants were out of the loop."  (Opp. 32.)  Plaintiff, however, must do more than make conclusory arguments and instead identify "what relevant **fact** is of such prominence that it would be absurd to suggest that the Individual Defendants were unaware of it."  Jui-Yang Hong v. Extreme Networks, Inc., 2017 WL 1508991, at *22 (N.D. Cal. Apr. 27, 2017) (emphasis in original).  Plaintiff identifies no such fact.  At most, Plaintiff alleges that purportedly false statements were made over a period of seven quarters.  (Opp. 31-32; see also AC ¶¶ 42, 51, 58, 68, 71, 77, 84, 91.)  That is not enough.  See Jui-Yang Hong, 2017 WL 1508991, at *22 (allegation that "acquisition cost nearly half of [company's] market capitalization and doubled the size and revenues of the [c]ompany" was "not sufficiently detailed to meet the PSLRA standard").

The alleged accounting errors do not contribute to, much less give rise to, a strong inference of scienter.

5

**C.    The Alleged Actions Of Other Defendants Do Not Show Scienter.**

Plaintiff argues that allegations concerning the actions of other Defendants give rise to a strong inference of scienter as to Mr. Nestro.  (See Opp. 25-31.)  Plaintiff's argument – as well as his allegations – violates the prohibition on group pleading.  Allegations concerning all Defendants or other Defendants do not show scienter as to Mr. Nestro, and courts repeatedly have rejected attempts to impute one individual's scienter to another.  (See Nestro Mot. 3; Luna Mot. 7-8.)

**Other Defendants' Departures.**  Plaintiff's allegations that Mr. Graeff was terminated for cause and that Mr. Gomez-Quintero was not entitled to severance when he resigned do not give rise to a strong inference of scienter as to Mr. Nestro, who left many months earlier.  (See AC ¶¶ 97, 106-07.)  Courts regularly refuse to infer scienter as to one individual defendant from another's departure.  See, e.g., Boston Ret. Sys. v. Alexion Pharms., Inc., 556 F. Supp. 3d 100, 136 (D. Conn. 2021) (resignation of CEO who left company at same time as CFO supported inference of scienter only as to CEO and company, not CFO).

**Other Defendants' Access To Information.**  Plaintiff's allegation that other Defendants had access to "disputed information" does not give rise to any inference of scienter as to Mr. Nestro.  (AC ¶¶ 45-47, 53-54, 97.)  Plaintiff does not plead facts showing that **Mr. Nestro** had access to any "disputed information" (AC ¶¶ 45-47, 53-54, 97), and Plaintiff's own authority refuses to infer scienter as to one individual defendant from another's access to information, see Reese v. Malone, 747 F.3d 557, 576-77 (9th Cir. 2014) (plaintiff adequately alleged scienter as to senior vice president with access to information but not as to CEO without access) (cited at Opp. 30).

**Luna's Decision To Restate Its Financial Statements.**  Plaintiff's allegations concerning Luna's decision to restate its financial statements do not give rise to any inference of scienter as to Mr. Nestro because Mr. Nestro had no involvement in that decision.  (See AC ¶¶ 112-19.)  Mr. Nestro left Luna nearly five months before the

E. NESTRO'S REPLY MEM.                                    MASTER FILE NO. 2:24-cv-02630-CBM-KS

Company announced its intent to restate its financial statements, and Plaintiff himself agrees that Mr. Nestro cannot be held liable for actions taken by Luna or other Individual Defendants when he was not employed by the Company. (See Opp. 13.)[3]

The alleged actions of other Defendants do not contribute to, much less give rise to, a strong inference of scienter.

*    *    *

Nor do the allegations concerning Mr. Nestro, the alleged accounting errors, and the alleged actions of other Defendants taken together give rise to a strong inference of scienter as to Mr. Nestro. "To put it succinctly, it does not take much to explain that zero plus zero equals zero." City of Roseville Emps.' Ret. Sys. v. Horizon Lines, Inc., 442 F. App'x 672, 675 (3d Cir. 2011); see also Zucco Partners, 552 F.3d at 1003-04 (allegations that CFO signed false SOX certifications and resigned shortly before restatement did not give rise to strong inference of scienter).

## II.    PLAINTIFF DOES NOT PLEAD CONTROL PERSON LIABILITY AS TO MR. NESTRO.

Plaintiff's Section 20(a) claim as to Mr. Nestro should be dismissed because the Amended Complaint does not plead (1) "a primary violation of federal securities laws," (2) "actual power or control" by Mr. Nestro over Luna, or (3) "actual power or control" by Mr. Nestro over the Individual Defendants. Webb v. SolarCity Corp., 884 F.3d 844, 858 (9th Cir. 2018).

**No Primary Violation.** Plaintiff does not plead a primary violation of the Securities Exchange Act of 1934 for the reasons set forth in the Luna Motion, the

---

[3] Plaintiff argues that Mr. Graeff did not cooperate with Luna's internal investigation. (See Opp. 27-8.) That allegation, which appears nowhere in the Amended Complaint, does not give rise to a strong inference of scienter as to Mr. Nestro. Again, Mr. Nestro left months before Luna's internal investigation began. (See supra at 3.) As Plaintiff concedes, Mr. Nestro cannot be held liable for the actions of other Defendants when Mr. Nestro was not employed by Luna. (Opp. 13.) Moreover, allegations that one individual defendant refused to cooperate with an investigation do not give rise to a strong inference of scienter as to other individual defendants. See In re SemGroup Energy Partners, L.P., 729 F. Supp. 2d 1276, 1299-1300 (N.D. Okla. 2010) (allegation that two directors refused to cooperate with bankruptcy examiner's investigation did not contribute to strong inference of scienter as to other directors).

7

---

E. NESTRO'S REPLY MEM.                    MASTER FILE NO. 2:24-cv-02630-CBM-KS

Luna Reply, the Nestro Motion, and this brief.  (See Nestro Mot. 5; Luna Mot. 24; Luna Reply 1-10; supra at 2-7 .)

**No Actual Power Or Control Over Luna.**  Plaintiff does not plead facts showing that Mr. Nestro exercised actual power or control over Luna.  Plaintiff alleges that Mr. Nestro served as Luna's CFO, made supposedly false statements, and signed supposedly false SOX certifications.  (See Nestro Mot. 3.)  As Plaintiff concedes, a "title standing alone does not create a presumption that he or she is a controlling person." (Opp. 35 n.11 (quoting SEC v. Todd, 642 F.3d 1207, 1223 (9th Cir. 2011).)  More is required.  Plaintiff must "plead the specific circumstances of [Mr. Nestro's] control."  In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods. Liab. Litig., 2017 WL 66281, at *19 (N.D. Cal. Jan. 4, 2017).  Plaintiff, however, pleads no facts showing Mr. Nestro's "specific control over the preparation and release" of any allegedly false statements.  Bao v. SolarCity Corp., 2015 WL 1906105, at *5 (N.D. Cal. Apr. 27, 2015).  And Plaintiff does not even attempt to distinguish the cases cited by Mr. Nestro – all of which hold that allegations that a defendant was a senior officer of a company, made false statements, and signed false SOX certifications do not state a control person claim.  (Compare Nestro Mot. 5-7 with Opp. 35.)[4]

**No Actual Power Or Control Over The Individual Defendants.**  Plaintiff does not plead facts showing that Mr. Nestro exercised actual power or control over the Individual Defendants.  Indeed, Plaintiff does not dispute that (1) the Amended Complaint fails to allege that Mr. Nestro exercised power or control over the other

---

[4] In contrast, the only cases cited by Plaintiff – Petrie v. Electric Game Card, Inc., 2015 WL 475958 (C.D. Cal. Feb. 5, 2015), and In re American Apparel, Inc. Shareholder Litigation, 2013 WL 10914316 (C.D. Cal. Aug. 8, 2013) – are inapposite because they analyze control person claims under the more lenient pleading standard of Rule 8, which is contrary to recent authority.  See In re Volkswagen, 2017 WL 66281, at *19.  This Court should analyze Plaintiff's control person claims under the more stringent pleading standard of Rule 9(b).  Indeed, "a plaintiff must plead the circumstances of the control relationship with sufficient particularity to satisfy [R]ule 9(b)."  Id.; see also Howard v. Hui, 2001 WL 1159780, at *4 (N.D. Cal. Sept. 24, 2001).  (See also Nestro Mot. 5.)  Plaintiff's boilerplate control allegations do not satisfy Rule 9(b)'s pleading standard.

E. NESTRO'S REPLY MEM.                    MASTER FILE NO. 2:24-CV-02630-CBM-KS

Individual Defendants or (2) Mr. Nestro cannot be liable as a control person for his own statements. (See Nestro Mot. 7-8; Opp. 35-36.) Therefore, Mr. Nestro cannot be liable as a control person for any statements made by the Individual Defendants, including himself.

In sum, Plaintiff does not plead control person liability as to Mr. Nestro.

## CONCLUSION

For the foregoing reasons and those in the Nestro Motion, the Luna Motion, and the Luna Reply, this Court should dismiss Plaintiff's claims against Mr. Nestro with prejudice.

9

Dated:  February 11, 2025

Respectfully submitted,

**GOODWIN PROCTER LLP**

By: */s/ Daniel P. Roeser*

DANIEL P. ROESER (*pro hac vice*)
(droeser@goodwinlaw.com)
CHARLES A. BROWN (*pro hac vice*)
(cbrown@goodwinlaw.com)
JESSICA VOGELE (*pro hac vice*)
(jvogele@goodwinlaw.com)
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Tel: (212) 813-8800
Fax: (212) 355-3333

JONATHAN H. HECHT (*pro hac vice*)
(jhecht@goodwinlaw.com)
1900 N Street, NW
Washington, DC 20036
Tel: (202) 346-4000
Fax: (202) 346-4444

JONATHAN A. SHAPIRO (SBN 257199)
(jshapiro@goodwinlaw.com)
525 Market Street
San Francisco, CA 94105
Tel: (415) 733-6000
Fax: (415) 677-9041

LAURA A. STOLL (SBN 255023)
(lstoll@goodwinlaw.com)
601 S. Figueroa Street, Suite 4100
Los Angeles, CA 90017
Tel: (213) 426-2500
Fax: (213) 623-1673

*Attorneys for Defendant Eugene J. Nestro*

10

E. NESTRO'S REPLY MEM.                    MASTER FILE NO. 2:24-CV-02630-CBM-KS

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned, counsel of record for Defendant Eugene J. Nestro, hereby certifies that the foregoing Reply Memorandum of Points and Authorities in Further Support of Mr. Nestro's Motion to Dismiss the Amended Consolidated Class Action Complaint contains 2,856 words, which complies with the word limit of L.R. 11-6.1, and is less than 10 pages, which complies with Judge Marshall's Standing Order.

Dated: February 11, 2025

/s/ *Daniel P. Roeser*
DANIEL P. ROESER

11