# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re LUNA INNOVATIONS INCORPORATED SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>*ALL ACTIONS* | Master File No. 2:24-cv-02630-CBM-KS<br><br>**ORDER GRANTING LEAD PLAINTIFF'S MOTION FOR (I) PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; (II) CERTIFICATION OF THE SETTLEMENT CLASS; (III) APPROVAL OF NOTICE TO THE SETTLEMENT CLASS, AND (IV) SCHEDULING OF FAIRNESS HEARING [87]**<br><br>Hearing Date: September 10, 2025<br>Hearing Time: 1:00 p.m.<br>Courtroom: Courtroom 7D, 7th Floor<br>Judge: Hon. Consuelo Marshall |

WHEREAS, an action is pending before this Court captioned *In re Luna Innovations Incorporated Securities Litigation*, Case No. 2:24-cv-02630-CBM-KS (the "Action");

WHEREAS, Lead Plaintiff George Lang, on behalf of himself and the Settlement Class, and Defendants Luna Innovations Incorporated ("Luna"), Scott A.

- 1 -

Graeff, Eugene J. Nestro, and George Gomez-Quintero (together with Lead Plaintiff, the "Parties") have determined to settle all claims asserted against Defendants in this Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated May 5, 2025 (the "Stipulation") (Dkt. No. 87-3), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure ("FRCP") and which, together with the exhibits annexed thereto, sets forth the terms and conditions for the resolution, discharge, release, and settlement of the Released Claims upon and subject to the terms and conditions thereof, and the Court having read and considered the Stipulation, the exhibits thereto, and the related submissions, and finding that substantial and sufficient grounds exist for entering this Order; and the Parties having consented to the entry of this Order; subject to approval of this Court ("Settlement");

WHEREAS, Plaintiffs have made an application, pursuant to FRCP 23, for an order preliminarily approving the Settlement in accordance with the Stipulation, certifying the Settlement Class for purposes of the Settlement only, and allowing notice to Settlement Class Members as more fully described herein;

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1. Pursuant to FRCP 23(a) and 23(b)(3), for the purposes of the Settlement, the Action is hereby preliminarily certified as a class action on behalf of a Settlement Class consisting of all Persons who purchased or otherwise acquired Luna securities between May 16, 2022, and April 19, 2024, inclusive (the "Class Period"), and were damaged thereby. Excluded from the Settlement Class are: (i) the Defendants; (ii) Immediate Family Members of Defendants Scott A. Graeff, Eugene J. Nestro, and George Gomez-Quintero; (iii) any person who is or was an officer or director of Luna; (iv) any firm or entity in which Defendants have or had a majority ownership interest; (v) Luna's liability insurance carriers; (vi) any affiliates, parents, or subsidiaries of Luna; (vii) all Luna plans that are covered by ERISA; and (viii) the legal representatives, agents, affiliates, heirs, beneficiaries, successors-in-interest, or

assigns of any excluded person or entity, in their respective capacity as such. Also excluded are any Persons or entities who properly exclude themselves by filing a valid and timely request for exclusion in accordance with the requirements set by the Court

2. This Court finds that the prerequisites for class certification under FRCP 23(a) have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members of the Settlement Class is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Lead Plaintiff are typical of the claims of the Settlement Class he seeks to represent; and (d) Lead Plaintiff will fairly and adequately represent and protect the interests of the Settlement Class. In addition, the Court finds that this Action satisfies the requirements for class certification under FRCP 23(b)(3) in that common questions of law and fact predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy among Lead Plaintiff and Defendants.

3. In so finding, the Court has considered each of the following additional factors under FRCP 23(b)(3) and finds that they also support class certification, namely:

(a) the interest of members of the class in individually controlling the prosecution of separate actions;

(b) the extent and nature of any litigation concerning the controversy already begun by or against class members;

(c) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

(d) the difficulties likely to be encountered in managing a class action, given, *inter alia*, that the proposed class is being certified in the context of a settlement (such that, if the Settlement is approved, there will be no class action litigation as to the Lead Plaintiff and Defendants for the Court to manage).

4. Pursuant to FRCP 23(c)(1) and 23(g), Lead Plaintiff is certified as the class representative ("Class Representative") of the Settlement Class and Hagens Berman Sobol Shapiro LLP is appointed as class counsel for the Settlement Class ("Class Counsel").

5. The Court preliminarily finds that: (a) the Stipulation resulted from good faith, arm's length negotiations conducted under the auspices of an independent mediator, Jed D. Melnick, Esq., of JAMS, who has extensive experience in mediating class action litigations of this type; and (b) the terms of the proposed Settlement are sufficiently fair, reasonable, and adequate to warrant providing notice of the Settlement to the Settlement Class Members and the scheduling of a Fairness Hearing to be held following the issuance of such notice pursuant to FRCP 23(e).

6. The Court therefore directs the issuance of notice of the Settlement to the Settlement Class Members and the scheduling of a Fairness Hearing, as set forth below.

7. The Court hereby schedules the Fairness Hearing, to be held before the Court, on December 17, 2025 at 10:00 a.m. for the following purposes:

(a) to determine finally whether the requirements for class action treatment under FRCP 23 are satisfied;

(b) to determine finally whether the Settlement is fair, reasonable, and adequate, and should be approved by the Court;

(c) to determine whether the Judgment as provided under the Stipulation should be entered, dismissing the Action on the merits and with prejudice as to Defendants, and releasing the Released Claims as against the Released Defendant Persons (and Released Defendant Claims as against the Released Plaintiff Persons) as set forth in the Stipulation;

(d) to determine whether the proposed Plan of Allocation for the distribution of the Net Settlement Fund is fair and reasonable and should be approved by the Court;

    (e) to consider Lead Counsel's Fee and Expense Applications for awards of attorneys' fees and expenses (including any awards to the representative plaintiff pursuant to 15 U.S.C. §78u-4(a)(4));

    (f) to consider any valid objections submitted to the Court, as further provided for herein and in the accompanying proposed forms of Notice; and

    (g) to rule upon such other matters as the Court may deem appropriate.

  8. The Court reserves the right to modify this Order to provide that the Fairness Hearing be held remotely, including by dial-in conference call or video-conferencing means.  Should the Court enter such a modification, Class Counsel are hereby ordered to cause the Claims Administrator to promptly provide prominent notice of such modification (including relevant details and instructions as to how Settlement Class Members may dial in or log in and, to the extent applicable, be heard at the Fairness Hearing) on a website to be established by the Claims Administrator in this matter for the purposes of facilitating the dissemination of the Notice and other information about this Action (the "Settlement Website").

  9. The Court also reserves the right to adjourn the Fairness Hearing to a later date or time without further notice to the Settlement Class Members other than entry of an Order on the Court's docket (provided that the time or the date of the final Fairness Hearing shall not be set at a time or date earlier than the time and date set forth in ¶7 above).  In such event, however, Class Counsel are directed to instruct the Claims Administrator to post notice of any such adjournment on the Settlement Website.

  10. Following the Fairness Hearing, the Court reserves the right to approve the Settlement without modification, or with such modifications as the Parties may agree, without further notice, and to enter its Judgment approving the Settlement and dismissing the Action on the merits and with prejudice as to Defendants, and regardless of whether it has approved the Plan of Allocation or awarded attorneys'

- 5 -

ORDER GRANTING LEAD PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT / Master File No. 2:24-cv-02630-CBM-KS

fees and expenses.

11.   The Court approves the form and substance of: (a) the Notice; (b) the Proof of Claim and Release Form; (c) the Summary Notice, and (d) the Postcard Notice, which are Exhibits A-1, A-2, A-3, and A-4, respectively, to the Stipulation.

12.   The Court finds that Class Counsel has the authority to act on behalf of the Settlement Class as to all acts or consents that are required by or may be given pursuant to the Stipulation, or that are reasonably necessary to consummate the Settlement.

13.   For settlement purposes only, Epiq Class Action and Claims Solutions, Inc., is appointed as the Claims Administrator to supervise and administer the notice procedure and the processing of claims.

14.   To the extent they have not already done so, Class Counsel shall provide wire instructions for the Escrow Account and an IRS Form W-9 for the Settlement Fund to Defendants' Counsel within five (5) business days of the date of this Order. By or before the fifteenth (15th) calendar day after the entry of this Order on the Court's docket, Luna shall pay or cause to be paid the Settlement Amount of U.S. $7,300,000.00 by wire into the Escrow Account.

15.   The Claims Administrator shall cause the Postcard Notice, substantially in the form annexed hereto, to be mailed, by first-class mail, postage prepaid, beginning by the thirtieth (30th) calendar day after entry of this Order, to all Settlement Class Members who can be identified with reasonable effort, including nominees or custodians who purchased or otherwise acquired shares of Luna securities during the Class Period as record owners but not as beneficial owners. Nominees or custodians receiving the Postcard Notice are hereby directed, within ten (10) calendar days of receipt of the Postcard Notice, to either (a) forward copies of the Postcard Notice to their beneficial owners or (b) provide the Claims Administrator with lists of the names, last known addresses, and email addresses (to the extent known) of such beneficial owners, in which case the Claims Administrator

is directed to send the Postcard Notice promptly to such identified beneficial owners. Nominee purchasers who elect to send the Postcard Notice to their beneficial owners shall send a statement to the Claims Administrator confirming that the mailing was made as directed. Additional copies of the Postcard Notice shall be made available to any record holder requesting such for the purpose of distribution to beneficial owners. The Claims Administrator shall, if requested, reimburse nominees or custodians out of the Settlement Fund solely for their reasonable out-of-pocket expenses, which expenses would not have been incurred but for the sending of such Postcard Notice or the requirement to identify their beneficial holders, subject to further order of this Court with respect to any dispute concerning such reimbursement.

16. Class Counsel shall, at least seven (7) calendar days before the Fairness Hearing, serve upon Defendants' Counsel, and file with the Court, proof of the mailing of the Postcard Notice as required by this Order.

17. Class Counsel, through the Claims Administrator, shall cause the Stipulation and its exhibits, this Order, and a copy of the Notice and Proof of Claim to be posted on the Settlement Website to be established by the Claims Administrator for the Settlement within thirty (30) calendar days after entry of this Order.

18. Class Counsel, through the Claims Administrator, shall cause the Summary Notice to be published electronically once on the *PRNewswire* and in print once in *Investor's Business Daily* within forty (40) calendar days of entry of this Order. Class Counsel shall, at least seven (7) calendar days before the Fairness Hearing, serve upon Defendants' Counsel, and file with the Court, proof of publication of the Summary Notice.

19. The Court finds that the forms and methods set forth herein of notifying the Settlement Class Members of the Settlement and its terms and conditions meet the requirements of due process, FRCP 23, and all other applicable laws and rules and constitute the best notice practicable under the circumstances, and shall

constitute due and sufficient notice to all persons and entities entitled thereto, and are reasonably calculated under the circumstances to describe the terms and effect of the Settlement and to apprise the Settlement Class Members of their right to object to the proposed Settlement. No Settlement Class Member will be relieved from the terms and conditions of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice.

20. All reasonable fees and expenses incurred in identifying and notifying Settlement Class Members, and in administering the Settlement, shall be paid as set forth in the Stipulation. In the event the Settlement is not finally approved by the Court, or otherwise fails to become effective, neither Lead Plaintiff nor his counsel shall have any obligation to repay any amounts actually and properly disbursed from the Settlement Fund, except as provided in the Stipulation.

21. To be eligible to participate in any recovery from the Net Settlement Fund, if the Settlement becomes effective, each Settlement Class Member must take the following actions and be subject to the following conditions:

(a) At least thirty (30) days prior to the final Fairness Hearing, each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim, substantially in the form of Exhibit A-2 to the Stipulation, signed under penalty of perjury and accompanied by adequate supporting documentation for the transactions reported therein as specified in the Proof of Claim, or by such other supporting documentation as is deemed adequate by the Claims Administrator;

(b) Except as otherwise ordered by the Court, all Settlement Class Members who fail to timely submit a Proof of Claim by such date, or such other date as may be ordered by the Court, shall be forever barred from receiving any payments pursuant to the Stipulation and Settlement set forth therein, but will, in all other respects, be subject to and bound by the provisions of the Stipulation, the releases

contained therein, and the Judgment.  Notwithstanding the foregoing, Class Counsel may, in its discretion (a) accept for processing late submitted claims, so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed; and (b) waive what Class Counsel deem to be de minimis or technical defects in any Proof of Claim submitted.  No Person shall have any claim against Lead Plaintiff, Class Counsel, or the Claims Administrator by reason of any exercise of discretion with respect to such late-submitted or technically deficient claims.

(c) Each Proof of Claim shall be deemed to have been submitted when legibly postmarked (if properly addressed and mailed by first class mail) provided such Proof of Claim is actually received before the filing of a motion for an Order of the Court approving distribution of the Net Settlement Fund.  Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received by the Claims Administrator at the address designated in the Notice.

(d) Once the Claims Administrator has considered a timely submitted Proof of Claim, it shall determine whether such claim is valid, deficient, or rejected.  For each claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or rejection letter as appropriate, describing the basis on which the claim was so determined.  Persons who timely submit a Proof of Claim that is deficient or rejected shall be afforded twenty (20) calendar days to cure such deficiency if it shall appear that such deficiency may be cured.  If any Claimant whose claim has been rejected in whole or in part wishes to contest such rejection, the Claimant must, within twenty (20) calendar days after the date of mailing of the notice of such rejection, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's ground for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.  If an issue concerning a claim cannot be otherwise resolved, Class Counsel shall thereafter present the request for review to the Court.

(e) As part of the Proof of Claim, each Settlement Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall, upon the Effective Date, release all claims as provided in the Stipulation. No discovery shall be allowed on the merits of the Action or the Settlement in connection with the processing of any Proofs of Claim, nor shall any discovery from or of Defendants be allowed on any topic.

22. Settlement Class Members who do not submit valid and timely Proofs of Claim will be forever barred from receiving any payments from the Net Settlement Fund, but will in all other respects be subject to and bound by the terms of the Stipulation and the Judgment, if entered and the Settlement becomes effective, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against the Released Defendant Persons with respect to the Released Claims. Settlement Class Members shall be bound by all determinations and judgments in this Action whether favorable or unfavorable.

23. The Court will consider objections to the Settlement, the Plan of Allocation, and the Fee and Expense Applications, provided, however, that, absent further order of the Court, no Settlement Class Member or other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the Plan of Allocation, or the Fee and Expense Applications or, if approved, the Judgment, or any other order relating thereto, unless that Person has filed their objection(s) (and any supporting papers and briefs) with the Office of the Clerk of the United States District Court for the Central District of California, First Street U.S. Courthouse, 350 W. 1st Street, Suite 4311, Los Angeles, CA 90012, and served copies of such materials on Class Counsel and Defendants' Counsel, respectively, by both email and Federal Express at least twenty-one (21) calendar days prior to the final Fairness Hearing:

Lucas E. Gilmore
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Street, Suite 300
Berkeley, CA 94710
lucasg@hbsslaw.com

Lisa R. Bugni
KING & SPALDING LLP
533 West Fifth Street, Suite 1600
Los Angeles, CA 90071
lbugni@kslaw.com

Emily Renshaw
MORGAN, LEWIS & BOCKIUS, LLP
One Federal Street
Boston, MA 02110
emily.renshaw@morganlewis.com

Daniel Roeser
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
droeser@goodwinlaw.com

Stephen L. Ascher
JENNER AND BLOCK LLP
1155 Avenue of the Americas
New York, NY 10036
sascher@jenner.com

To be valid, a Settlement Class Member's objection must substantially comply with the following requirements, namely, it must, with respect to the Settlement Class Member: (1) state their name, address, and telephone number, (2) list all of their purchases, acquisitions, sales, and dispositions of Luna securities during the Class Period (in order to show their membership in the Settlement Class), (3) state all grounds for their objection, and (4) state the name, address, and telephone number of

the Settlement Class Member's counsel, if any. The objection must be signed by the objector, even if the objection is filed by counsel for the objector. Attendance at the Fairness Hearing is not necessary, but Persons wishing to be heard orally in opposition to approval of the Stipulation, the Plan of Allocation, and/or the Fee and Expense Application must state in their written objection that they intend to appear at the Fairness Hearing and must identify any witnesses they may call to testify or exhibits they intend to introduce into evidence at the Fairness Hearing, provided, however, that the Court may excuse such requirements upon a showing of good cause. Settlement Class Members need not appear at the Fairness Hearing or take any other action to show their approval.

24. Unless otherwise ordered by the Court upon a finding of good cause shown, any Settlement Class Member who does not object in the manner prescribed above shall: be deemed to have waived all such objections; be forever foreclosed from making any objection to the fairness, adequacy or reasonableness of the Settlement, any Judgment approving the Settlement, and any orders approving the Plan of Allocation or the Fee and Expense Applications; be bound by all the terms and provisions of the Stipulation and by all proceedings, orders, and judgments in the Action; and be foreclosed from appealing from any judgment or order entered in this Action.

25. All papers in support of the Settlement, the Plan of Allocation, and/or the Fee and Expense Applications shall be filed and served no later than thirty-five (35) calendar days before the Fairness Hearing.

26. Any submissions filed in response to any objections or in further support of the Settlement, the Plan of Allocation, and/or the Fee and Expense Applications shall be filed no later than seven (7) calendar days prior to the Fairness Hearing.

27. Defendants, Defendants' Counsel, Defendants' insurers, and other Released Defendant Persons shall have no responsibility for, or liability with respect to, the Plan of Allocation or the Fee and Expense Applications (including any

payments to the representative plaintiffs) submitted by Class Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

28. Pending final determination of whether the Settlement should be approved, Lead Plaintiff, all Settlement Class Members, and anyone who acts or purports to act on their behalf, shall not institute, commence, maintain, or prosecute, and are hereby barred and enjoined from instituting, continuing, commencing, maintaining, or prosecuting, any action in any court or tribunal that asserts Released Claims against any of the Released Defendant Persons.

29. All funds held by the Escrow Agent shall be deemed to be in the custody of, and subject to the jurisdiction of, the Court until such time as such funds are either distributed or returned pursuant to the Stipulation, the Plan of Allocation, and/or further order of the Court.

30. Neither this Order nor the Stipulation (including the Settlement contained therein) nor any act performed or document executed pursuant to or in furtherance of the Settlement:

(a) is or may be deemed to be, or may be used as an admission, concession, or evidence of, the validity or invalidity of any of the claims asserted against Defendants or the Released Defendant Persons, the truth or falsity of any fact alleged by Lead Plaintiff, the sufficiency or deficiency of any defense that has been or could have been asserted in this Action, or of any deception, wrongdoing, liability, negligence or fault of Defendants, the Released Defendant Persons, or each or any of them, or that Lead Plaintiff or any Settlement Class Member was harmed or damaged by any conduct by any Defendant or the Released Defendant Persons;

(b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or misrepresentation or omission with respect to any statement or written document attributed to, approved by or made by Defendants or the

1  Released Defendant Persons in any arbitration proceeding or any civil, criminal, or
2  administrative proceeding in any court, administrative agency or other tribunal; and

3  (c) is or may be deemed to be or shall be construed as or received in evidence as an admission or concession against Defendants, the Released Defendant Persons, or any of them, that Lead Plaintiff's or Settlement Class Members' claims are with or without merit, that a litigation class should or should not be certified, that damages recoverable in the Action would have been greater or less than the Settlement Amount, or that the consideration to be given pursuant to the Stipulation represents an amount equal to, less than, or greater than the amount which could have or would have been recovered after trial.

31. In the event the Settlement is not consummated in accordance with the terms of the Stipulation, then the Stipulation and this Order (including any amendment(s) thereof, and except as expressly provided in the Stipulation or by order of the Court) shall be null and void, of no further force or effect, and without prejudice to Lead Plaintiff, Defendants, or the Released Defendant Persons, and may not be introduced as evidence or used in any action or proceeding by any Person against Lead Plaintiff, Defendants, the Released Defendant Persons, or the Released Plaintiff Persons, and each of Lead Plaintiff, Defendants, and the Released Defendant Persons shall be restored to his, her or its respective litigation positions as they existed immediately prior to the execution of the Stipulation.

32. No later than fifteen (15) calendar days following the filing of the Stipulation with the Court, Luna shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding its compliance with its notice requirements under the Class Action Fairness Act, 28 U.S.C. § 1715 *et seq.* ("CAFA") on behalf of all Defendants.

//
//
//

33.     The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of, or relating to, the Settlement and the Stipulation including, by way of illustration and not limitation, the enforcement thereof.

DATED: September 19, 2025

_____
HON. CONSUELO MARSHALL
United States District Judge