Lucas E. Gilmore, Bar No. 250893
Reed Kathrein, Bar No. 139304
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 300
Berkeley, CA  94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
Email:  lucasg@hbsslaw.com
reed@hbsslaw.com

*Attorneys for Lead Plaintiff George Lang*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re LUNA INNOVATIONS INCORPORATED SECURITIES LITIGATION | Case No. 2:24-cv-02630-CBM-KS |
| | **LEAD PLAINTIFF'S REPLY IN SUPPORT OF UNOPPOSED (I) MOTION FOR FINAL APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT AND (II) MOTION FOR AN AWARD OF ATTORNEYS' FEES, LITIGATION EXPENSES, AND SERVICE AWARD** |
| | Hearing Date: Tuesday, February 17, 2026 Hearing Time: 10:00 a.m. Courtroom: Courtroom 8D, 8th Floor Judge: Hon. Consuelo Marshall |
| *This Document Relates To:* *ALL ACTIONS* | **ORAL ARGUMENT REQUESTED** |

LEAD PLTF'S REPLY IN SUPPORT OF (I) MOT. FOR FINAL APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT AND (II) MOT. FOR AN AWARD OF ATTYS' FEES, LITIG. EXPENSES, AND SERVICE AWARD

CASE NO. 2:24-cv-02630-CBM-KS

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ........................................................................................ 1

II.   ARGUMENT ............................................................................................. 2

   A.   The Claims Administrator carried out the robust Court-approved notice program. ........................................................ 2

   B.   The reaction of the Settlement Class strongly supports approval of the Settlement and Plan of Allocation. ........................... 4

   C.   The reaction of the Settlement Class strongly supports approval of the requested attorneys' fees, expenses and award to Lead Plaintiff. ....................................................... 5

   D.   The Settlement Class's participation in the Settlement supports approval. ...................................................................... 6

III.  CONCLUSION ........................................................................................... 6

Lead Plaintiff George Lang, on behalf of himself and the Settlement Class, and Lead Counsel Hagens Berman Sobol Shapiro LLP, respectfully submits this reply memorandum of points and authorities in further support of (i) Lead Plaintiff's motion for final approval of the proposed Settlement and approval of the proposed Plan of Allocation (ECF No. 110), and (ii) Lead Counsel's motion for attorneys' fees, litigation expenses, and a service award (ECF No. 111) (together, the "Motions").[1]

## I.    INTRODUCTION

After completing an extensive notice program, the Class's response to the Settlement is clear: after mailing over 9,400 Settlement Notices, Class members have filed over 6,100 claims – representing an exceptional 64% claims rate – and not a single Class member has objected to any aspect of the Settlement, Plan of Allocation, or fee request, or requested exclusion from the Settlement. With the Court's approval, investors will receive millions of dollars, representing a substantial portion of their damages, from a company teetering on the edge of insolvency and that might struggle to satisfy a judgment after a trial.

Thus, as detailed in the Motions, the proposed Settlement, which provides for a cash payment of $7,300,000 in exchange for the resolution of all claims asserted in the Action against Defendants, is a favorable result for the Settlement Class. The Settlement accounts for the substantial risks (including Luna's risk of insolvency), complexities, and expense of continued litigation, and is the result of extensive arm's-length negotiations between counsel with the guidance of an experienced mediator. Likewise, Lead Counsel's request for a 30% fee and payment of litigation expenses totaling $40,494.65 is also fair and reasonable when considering the result achieved

---

[1] Unless otherwise defined in this memorandum, all capitalized terms shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated May 5, 2025 ("Stipulation") (ECF No. 112-1), or in the Declaration of Lucas E. Gilmore in Support of Lead Plaintiff's Unopposed (1) Motion for Final Approval of Proposed Class Action Settlement and (2) Motion for an Award of Attorneys' Fees, Litigation Expenses, and Service Award, dated January 13, 2026 (ECF No. 112).

- 1 -

for the Settlement Class (*i.e.*, approximate recovery of 12.6-20.7% of the estimated maximum damages in this case), the caliber of the work performed, the risks of continued litigation, and comparable fee and expense awards. *See* ECF No. 111 at 16-17 (collecting securities class action settlements where class counsel received 30% or more of the settlement fund).

And as described above, the Settlement Class's reaction to the Settlement further supports final approval of the Motions. The deadline for Settlement Class Members to object to the Settlement and/or the requested attorneys' fees, litigation expenses, and service award was January 27, 2026. *See* ECF No. 112, ¶ 52. Notably, following an extensive Court-approved notice program that included the mailing of over 9,400 Settlement Notices, ***not a single member of the Settlement Class has objected to any aspect of the Settlement, the Plan of Allocation, or the requested attorneys' fees, litigation expenses, and service award, and not a single Settlement Class Member has opted out of the Settlement***. As explained below, the absence of objections further supports a finding that the proposed Settlement, Plan of Allocation, and request for attorneys' fees, expenses, and service award are fair and reasonable and should be approved.

## II.    ARGUMENT

### A.    The Claims Administrator carried out the robust Court-approved notice program.

Pursuant to the Court's Preliminary Approval Order (ECF No. 107), the Claims Administrator, Epiq Class Action and Claims Solutions, Inc. ("Epiq"), conducted an extensive notice program under Lead Counsel's supervision. The notice program included the mailing of Settlement Notices to potential Settlement Class Members and Nominees, publishing the Summary Notice in the national edition of *Investor's Business Weekly* and over the *PRNewswire*, and updating the case website, www.LunaInnovationsSecuritiesLitigation.com, so that copies of the Notice and Claim Form could be downloaded. *See* ECF No. 112, ¶¶ 50-51.

Epiq began mailing the Settlement Notice Packets to potential Settlement Class Members on October 17, 2025. *See id.*, ¶ 49. As of February 9, 2026, Epiq has mailed a total of 9,478 Settlement Notices to potential Settlement Class Members and Nominees. *See* Supplemental Declaration of Eric Blow Regarding Dissemination of Settlement Notice and Claims Received ("Supp. Blow Decl."), ¶ 4, attached hereto as Exhibit 1. Of that number, 28 Settlement Notices were returned as undeliverable. *Id.,* ¶ 5. This rate is consistent with (or lower than) comparable notice programs. *Id.* The Summary Notice was published in *Investor's Business Weekly* and released over *PRNewswire* on October 27, 2025. *See* ECF No. 112, ¶ 50.

The notices apprised Settlement Class Members of, *inter alia*: (i) the Settlement amount; (ii) the reasons why the Parties were proposing the Settlement; (iii) the estimated average recovery per affected share of Luna security; (iv) the maximum amount of attorneys' fees and expenses that would be sought; (v) the identity and contact information for a representative from Lead Counsel to answer questions concerning the Settlement; (vi) the right of Settlement Class Members to object to the Settlement; (vii) the binding effect of a judgment on Settlement Class Members; (viii) the dates and deadlines for certain Settlement-related events; and (ix) the opportunity to obtain additional information about the Action and the Settlement by contacting Lead Counsel, the Claims Administrator, or visiting the Settlement website. *See id.*, ¶ 48.

On January 13, 2026, fourteen days (14) before the objection deadline, Lead Plaintiff and Lead Counsel filed their opening papers in support of the Settlement, Plan of Allocation, and attorneys' fees, expenses, and service award request. The Motions are available on the public docket (ECF Nos. 110-111), and were promptly posted to the case website. *See* Supp Blow Decl., ¶ 11.

As noted above, following this extensive Court-approved notice program, not a single Settlement Class Member has objected to any aspect of the proposed

Settlement, the Plan of Allocation, or the request for attorneys' fees, expenses, and service award, and not a single Settlement Class Member has opted out of the Settlement. *See id.*, ¶ 6.

**B.      The reaction of the Settlement Class strongly supports approval of the Settlement and Plan of Allocation.**

Per guidance from the Ninth Circuit, the Court should consider the reaction of the class in determining whether to approve a class action settlement.[2] *See Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 576 (9th Cir. 2004). Here, "the lack of class members that have manifested any disapproval of the Settlement . . . demonstrates the fairness, adequacy and reasonableness of the Settlement." *In re Heritage Bond Litig.*, 2005 WL 1594403, at *10 (C.D. Cal. June 10, 2005); *see also Brown v. China Integrated Energy Inc.*, 2015 WL 12712081, at *8 (C.D. Cal. Aug. 19, 2015) ("[I]n light of the absence of any substantive objections to the terms or conditions of the proposed settlement, . . . there is a strong presumption that the settlement is fair[.]"); *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2008) ("By any standard, the lack of objection of the Class Members favors approval of the Settlement."). Similarly, the lack of objections to the proposed Plan of Allocation provides firm support for its approval. *See In re Heritage Bond Litig.*, 2005 WL 1594403, at *11-12 (C.D. Cal. June 10, 2005) ("In light of the lack of objectors to the plan of allocation at issue, and the competence, expertise, and zeal of counsel in bringing and defending this action, the Court finds the plan of allocation as fair and adequate.").

In short, the absence of objections or requests for exclusion supports the settlement and plan of allocation. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998) ("[T]he fact that the overwhelming majority of the class willingly

---

[2] Lead Plaintiff refers the Court to the final approval motion for discussion on why the Settlement and Plan of Allocation warrant approval under the other factors detailed in Federal Rule of Civil Procedure 23(e)(2) and *Churchill Vill.*, 361 F.3d at 576. *See generally* ECF No. 110.

- 4 -

approved the offer and stayed in the class presents at least some objective positive commentary as to its fairness."). Accordingly, the Court should approve the Settlement and Plan of Allocation here as fair, adequate, and reasonable.

## C. The reaction of the Settlement Class strongly supports approval of the requested attorneys' fees, expenses and award to Lead Plaintiff.

As explained in the opening fee and expense brief, the exceptional result of $7,300,000 strongly supports the requested award of attorneys' fees and expenses. *See* ECF No. 111. The 30% fee request is consistent with fee awards in similar securities class actions. *Id.* at 16-17. The appropriateness of Lead Counsel's fee request is further confirmed with a cross check against the lodestar, which reflects a 2.43 multiplier. *Id.* at 17-20.

Significantly, no Class Member has objected to Lead Counsel's request for attorneys' fees, payment of litigation expenses, or $3,500 award to Lead Plaintiff. *See* Supp. Blow Decl., ¶ 6. The lack of objections weighs strongly in favor of granting the requested attorneys' fees, expenses, and service award. *See In re Stable Road Acquisition Corp. Sec. Litig.*, 2024 WL 3643393, at *14 (C.D. Cal. Apr. 23, 2024) ("the existence or absence of objectors to the requested attorneys' fee is a factor is determining the appropriate fee award."); *In re Banc of Cal. Sec. Litig.*, 2020 WL 1283486, at *1 (C.D. Cal. Mar. 16, 2020) (awarding 33% of $19.75 million settlement fund where "no objections to the fees or expenses were filed by Class Members."); *In re Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166, 1177 (S.D. Cal. 2007) ("The lack of objection from any Class Member supports the attorneys' fees award"). As such, the Court should approve Lead Counsel's request for an award of attorneys' fees of 30% of the Settlement Amount, payment of $40,494.65 for litigation expenses, and award to Lead Plaintiff of $3,500.

**D.      The Settlement Class's participation in the Settlement supports approval.**

The Settlement Notice Packets and Summary Notice informed potential Class Members that to receive a payment under the Settlement, they needed to submit a Proof of Claim and Release Form to Epiq such that it was postmarked or submitted online by January 16, 2026. *See* ECF No. 112, ¶ 53. Through February 9, 2026, Epiq has received 6,108 Claims. *See* Supp. Blow Decl., ¶ 7. This exceptional claims rate further supports approval. All Claims are still subject to comprehensive review under standard claims-processing procedures. *Id.* ¶ 9. As such, it is not possible to report the number of valid and invalid Claims at this time. *Id.*

### III.   CONCLUSION

Lead Plaintiff and Lead Counsel obtained an exceptional result for the Class, and the Class agrees. For the reasons set forth above and in their previously filed briefs and declarations, Lead Plaintiff and Lead Counsel respectfully request that the Court approve the proposed Settlement and Plan of Allocation, as well as the request for attorneys' fees, payment of expenses, and award to Lead Plaintiff. Proposed orders are submitted herewith.

DATED: February 10, 2026          Respectfully submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP

By */s/    Lucas E. Gilmore*
  Lucas E. Gilmore, Bar No. 250893
  Reed Kathrein, Bar No. 139304
715 Hearst Avenue, Suite 300
Berkeley, CA  94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
Email:   lucasg@hbsslaw.com
         reed@hbsslaw.com

- 6 -

Nathan Emmons (*pro hac vice*)
Cityfront Plaza Drive, Suite 2410
Chicago, IL 60611
Telephone: (708) 628-4949
Facsimile:  (708) 628-4950
Email:   nathane@hbsslaw.com

*Counsel for Lead Plaintiff George Lang*

LEAD PLTF'S REPLY IN SUPPORT OF (I) MOT. FOR FINAL APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT AND (II) MOT. FOR AN AWARD OF ATTYS' FEES, LITIG. EXPENSES, AND SERVICE AWARD

CASE NO. 2:24-cv-02630-CBM-KS

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Lead Plaintiff George Lang and the Proposed Class, certifies that this brief contains 6 pages, which complies with the page limit of the Court's Standing Order.

By: */s/ Lucas E. Gilmore*
Lucas E. Gilmore

- 8 -