JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re LUNA INNOVATIONS INCORPORATED SECURITIES LITIGATION | Case No. 2:24-cv-02630-CBM-KS<br>Case No. 2:24-cv-04068-CBM-KS |
| | **ORDER AND FINAL JUDGMENT** |
| *This Document Relates To:*<br><br>*ALL ACTIONS* | Hearing Date: Tuesday, February 17, 2026<br>Hearing Time: 10:00 a.m.<br>Courtroom: Courtroom 8D, 8th Floor<br>Judge: Hon. Consuelo Marshall |

WHEREAS, the Parties,[1] through their counsel, have agreed, subject to judicial approval following issuance of notice to the Settlement Class and a Fairness Hearing, to settle and dismiss with prejudice the claims asserted against Defendants upon the terms and conditions set forth in the Parties' Stipulation and Agreement of Settlement dated May 5, 2025 (the "Stipulation");

WHEREAS, on September 19, 2025, the Court issued its Order Granting Lead Plaintiff's Motion for Preliminary Approval of Class Action Settlement, for Certification of the Settlement Class, for Approval of Notice to the Settlement Class, and for Scheduling of Fairness Hearing in this Action (the "Preliminary Order") (ECF No. 107);

WHEREAS, it appears in the record that the Postcard Notice substantially in the form approved by the Court in its Preliminary Order was mailed to all reasonably identifiable Settlement Class Members, and that the Notice and Proof of Claim substantially in the form approved by the Court in its Preliminary Order was posted on the settlement website established by the Claims Administrator in this matter, in accordance with the Preliminary Order;

WHEREAS, it appears in the record that the Summary Notice, substantially in the form approved by the Court, was published in accordance with the Preliminary Order;

WHEREAS, on the 17th day of February, 2026, following issuance of notice of the Settlement to the Settlement Class, the Court held its Fairness Hearing to determine: (1) whether the requirements for class action treatment under FRCP 23 are satisfied; (2) whether the terms and conditions of the Stipulation are fair, reasonable, and adequate for the settlement of all claims asserted by the Settlement Class against Defendants, as well as the release of all Released Claims as against the Released Defendant Persons and the release of all Released Defendants' Claims as

[1] Unless otherwise defined herein, all capitalized terms used herein have the same meaning as given them in the Stipulation and Agreement of Settlement dated May 5, 2025; *see* ¶1 below.

against the Released Plaintiff Persons, and should be approved; (3) whether judgment should be entered dismissing, with prejudice and on the merits, all claims asserted against Defendants; (4) whether to approve the proposed Plan of Allocation as a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members; (5) whether and in what amount to award Lead Counsel attorneys' fees and expenses; (6) whether and in what amount to grant any awards to Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(4); (7) to consider any valid objections submitted to the Court; and (8) to rule upon such other matters as the Court may deem appropriate;

WHEREAS, the Court has considered all matters and papers submitted to it at or in connection with the Fairness Hearing and otherwise;

NOW, THEREFORE, based upon the Stipulation and all of the findings, records, and proceedings had herein, and it appearing to the Court upon examination, following the duly noticed Fairness Hearing, that the Settlement is fair, reasonable, and adequate and should be finally approved, that the Judgment attached as Exhibit B to the Stipulation should be entered, and that the proposed Plan of Allocation provides a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. This Order and Final Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth therein.

2. The Court has jurisdiction over the subject matter of the Action, Lead Plaintiff, all Settlement Class Members, and Defendants.

3. The Court finds that the prerequisites for a class action under Rule 23(a) of the Federal Rules of Civil Procedure have been satisfied in that:

(a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable;

(b) there are questions of law and fact common to the Settlement Class;

- 3 -

(c) the claims of Lead Plaintiff are typical of the claims of the Settlement Class he seeks to represent; and

(d) Lead Plaintiff and Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class.

4. The Court further finds that the requirements for certification of a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure have also been satisfied in that:

(a) questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and

(b) a class action is superior to other available methods for the fair and efficient adjudication of the claims at issue, considering:

i. the class members' interests in individually controlling the prosecution or defense of separate actions;

ii. the extent and nature of any litigation concerning the controversy already begun by or against class members;

iii. the desirability or undesirability of concentrating the litigation of the claims in this particular forum; and

iv. the likely difficulties in managing a class action (given, *inter alia,* that the proposed class here would be certified in the context of a settlement).

Accordingly, the Court certifies this action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of all Persons who purchased or otherwise acquired Luna securities between May 16, 2022, and April 19, 2024, inclusive (the "Class Period"), and were damaged thereby. Excluded from the Settlement Class are: (i) Defendants; (ii) Immediate Family Members of Defendants Scott A. Graeff, Eugene J. Nestro, and George Gomez-Quintero; (iii) any person who is or was an officer or director of Luna; (iv) any firm or entity in which

ORDER AND FINAL JUDGMENT

Defendants have or had a majority ownership interest; (v) Luna's liability insurance carriers; (vi) any affiliates, parents, or subsidiaries of Luna; (vii) all Luna plans that are covered by ERISA; and (viii) the legal representatives, agents, affiliates, heirs, beneficiaries, successors-in-interest, or assigns of any excluded person or entity, in their respective capacity as such. Also excluded are any Persons or entities who properly excluded themselves by filing a valid and timely request for exclusion in accordance with the requirements set by the Court.

5.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, (a) Lead Plaintiff George Lang is appointed as class representatives of the Settlement Class and (b) the law firm of Hagens Berman Sobol & Shapiro LLP is appointed as counsel for the Settlement Class ("Class Counsel").

6.     In accordance with the Preliminary Order, the Court finds that the forms and methods of notifying the Settlement Class of the Settlement and its terms and conditions and the rights of Settlement Class Members in connection therewith (a) constituted the best notice practicable under the circumstances; (b) constituted due and sufficient notice of these proceedings and the matters set forth herein (including the Settlement and Plan of Allocation) to all persons and entities entitled to such notice; and (c) met the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 21D(a)(7) of the Exchange Act, 15 U.S.C. § 78u-4(a)(7) (as amended by the Private Securities Litigation Reform Act of 1995). No Settlement Class Member is or shall be relieved from the terms and conditions of the Settlement, including the releases provided for in the Stipulation of Settlement, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement (and to participate in the hearing thereon), or to exclude themselves from the Class. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged. Thus, it is determined that all Settlement Class Members are bound by

this Order and Final Judgment, except those Persons who validly requested exclusion from the class certified in this Action.

7. The Court finds that the Settlement is fair, reasonable, and adequate under Rule 23 of the Federal Rules of Civil Procedure, and in the best interests of the Settlement Class. This Court further finds that the Settlement is the result of good faith, arm's-length negotiations; and that all Parties have been represented throughout by experienced and competent counsel. The Court further finds that the Settlement was reached only after, *inter alia*: (a) Lead Counsel conducted an extensive pre-filing investigation; (b) the filing of a consolidated class action complaint; (c) full briefing on Defendants' motion to dismiss the complaint; (d) Lead Plaintiff's and Defendants' preparation and exchange of comprehensive pre-mediation briefs and participation in a mediation sessions under the auspices of a highly experienced mediator of complex commercial cases (Jed D. Melnick, Esq., of JAMS); and (e) the Parties' negotiation and drafting of the detailed terms of the Stipulation. Accordingly, the Court also finds that Lead Plaintiff, Defendants, and the Released Defendant Persons were well-positioned to evaluate benefits of the proposed Settlement against the risks of further and uncertain litigation.

8. The Court further finds that if the Settlement had not been achieved, Lead Plaintiff, Defendants, and the Released Defendant Persons faced the expense, risk, burden, and uncertainty of extended litigation in connection with the claims asserted against Defendants. The Court takes no position on the merits of Lead Plaintiff's, Defendants', or the Released Defendant Persons' liability positions, but notes that the existence of substantial arguments both for and against their respective positions further supports approval of the Settlement.

9. Accordingly, the Court approves the Stipulation, and directs Lead Plaintiff and Defendants to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

10.     All claims asserted against Defendants in this Action are dismissed with prejudice.   Lead Plaintiff and Defendants shall bear their own costs, except as otherwise provided in the Stipulation.

11.     Lead Plaintiff and each of the Settlement Class Members, on behalf of themselves and their Related Persons, shall be deemed to have, and by operation of this Order and Final Judgment shall have, fully, finally, and forever released, waived, relinquished and discharged, and shall forever be enjoined from prosecuting, all Released Claims against each Released Defendant Person, whether or not Lead Plaintiff or any Settlement Class Member executes and delivers a Proof of Claim.

12.     Defendants and each of the Released Defendant Persons shall be deemed to have, and by operation of this Order and Final Judgment shall have, fully, finally, and forever released, waived, relinquished, and discharged, and shall forever be enjoined from prosecuting, each and every one of the Released Defendants' Claims against each Released Plaintiff Person.

13.     Nothing contained herein shall, however, bar Lead Plaintiff, Defendants, Released Defendant Persons, or Released Plaintiff Persons from bringing any action or claim to enforce the terms of the Stipulation or this Order and Final Judgment.

14.     The Court finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members, and Lead Counsel and the Claims Administrator are directed to administer the Plan of Allocation in accordance with its terms and the terms of the Stipulation.

15.     The Court finds that Lead Plaintiff, Defendants, and their counsel have complied with all requirements of Rule 11 of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995 as to all proceedings had herein.

16.     Neither this Order and Final Judgment, the Stipulation, nor any of the terms and provisions of the Stipulation, nor any of the negotiations or proceedings in

- 7 -

connection therewith, nor any of the documents or statements referred to herein or therein, nor the Settlement, nor the fact of the Settlement, nor the Settlement proceedings, nor any statement in connection therewith:

(a)    is or may be deemed to be, or may be used as an admission, concession, or evidence of the validity or invalidity of any of the claims asserted against Defendants or the Released Defendant Persons, the truth or falsity of any fact alleged by Lead Plaintiff, the sufficiency or deficiency of any defense that has been or could have been asserted in the Action, or of any deception, wrongdoing, liability, negligence or fault of Defendants, the Released Defendant Persons, or each or any of them, or that Lead Plaintiff or any Settlement Class Member was harmed or damaged by any conduct by any Defendant or the Released Defendant Persons;

(b)    is or may be deemed to be or may be used as an admission of, or evidence of, any fault or misrepresentation or omission with respect to any statement or written document attributed to, approved by, or made by any Defendants, the Released Defendant Persons, or their Related Persons in any arbitration proceeding or any civil, criminal, or administrative proceeding in any court, administrative agency or other tribunal; and

(c)    is or may be deemed to be or shall be construed as or received in evidence as an admission or concession against Defendants, the Released Defendant Persons, or any of them, that Lead Plaintiff's or Settlement Class Members' claims are with or without merit, that a litigation class should or should not be certified, that damages recoverable in the Action would have been greater or less than the Settlement Amount or that the consideration to be given pursuant to the Stipulation represents an amount equal to, less than, or greater than the amount which could have or would have been recovered after trial.

17.    Notwithstanding the immediately preceding paragraph, however, Lead Plaintiff, Defendants, the Released Defendant Persons, and Released Plaintiff Persons may file the Stipulation and/or this Order and Final Judgment in any other

- 8 -

action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim. Lead Plaintiff, Defendants, the Released Defendant Persons, and Released Plaintiff Persons may also file the Stipulation and/or this Order and Final Judgment in any proceedings that may be necessary to consummate or enforce the Stipulation, the Settlement, or this Order and Final Judgment.

18. Except as otherwise provided herein or in the Stipulation, all funds held by the Escrow Agent shall be deemed to be held *in custodia legis* and shall remain subject to the jurisdiction of the Court until such time as the funds are distributed or returned pursuant to the Stipulation and/or pursuant to further order of the Court.

19. Without affecting the finality of this Order and Judgment in any way, this Court retains continuing exclusive jurisdiction over Lead Plaintiff and Defendants and the Settlement Class Members for all matters relating to the Action, including the administration, interpretation, effectuation, or enforcement of the Stipulation, and including any application for fees and expenses incurred in connection with administering and distributing the Settlement proceeds to the Settlement Class Members.

20. Absent further order of the Court, the Court hereby sets the following schedule for completing the administration of the Settlement in this matter:

(a) the Claims Administrator shall complete its review of submitted Proofs of Claim in this matter and calculation of Recognized Claim Amounts for Authorized Claimants within 180 days of the Court's existing deadline for Settlement Class Members to submit completed Proofs of Claim;

(b) within twenty-one (21) days of the later of (i) the Claims Administrator's completion of its review of submitted claims or (ii) the date on which each of the conditions set forth in ¶4.14 of the Stipulation (including the

- 9 -

ORDER AND FINAL JUDGMENT

CASE NO. 2:24-cv-02630-CBM-KS

occurrence of the Effective Date) has been met, Lead Counsel shall submit a distribution motion (the "Settlement Class Distribution Motion") to the Court, which shall seek entry of an Order (the "Distribution Order") approving the Claims Administrator's claims determinations and resolving, pursuant to ¶¶4.7–4.10 of the Stipulation, any unresolved disputes raised by any Claimants relating to the Claims Administrator's administrative determinations;

(c) unless the Distribution Order provides for a later date, the Claims Administrator shall mail checks distributing settlement fund payments to eligible Settlement Class Members within 30 days of entry of the Distribution Order, which checks shall request that recipients cash them within 60 days; and

(d) within 120 days of the mailing of distribution checks, Lead Counsel shall file a Post-Distribution Accounting containing all of the information set forth in the Northern District of California's Procedural Guidance for Class Action Settlements, except that such report shall also advise the Court whether, in accordance with ¶4.15 of the Stipulation, Lead Counsel has determined that a second distribution of unclaimed settlement funds (whether due to uncashed checks or otherwise) should be pursued, or whether any then-remaining unclaimed settlement funds should be contributed to a non-sectarian, non-profit Section 501(c)(3) organization as may be deemed appropriate by the Court.

(e) Except as provided in sub-paragraphs (a) – (d) above, without further order of the Court Defendants and Lead Plaintiff may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

21. There is no just reason for delay in the entry of this Order and Final Judgment, and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

- 10 -

22.    The finality of this Order and Final Judgment shall not be affected, in any manner, by rulings that the Court may make on any Fee and Expense Application.

23.    In the event the Settlement is not consummated in accordance with the terms of the Stipulation, then the Stipulation and this Order and Final Judgment (including any amendment(s) thereof, and except as expressly provided in the Stipulation or by order of the Court) shall be null and void, of no further force or effect, and without prejudice to Lead Plaintiff, Defendants, or the Released Defendant Persons, and may not be introduced as evidence or used in any action or proceeding by any Person against Lead Plaintiff, Defendants, and the Released Defendant Persons, and Lead Plaintiff, Defendants, and the Released Defendant Persons shall be restored to his, her or its respective litigation positions as they existed immediately prior to the date of the execution of the Stipulation.

DATED: February 24, 2026

_____
HON. CONSUELO B. MARSHALL
UNITED STATES DISTRICT JUDGE